## SMIETANKA, COLLECTOR OF INTERNAL REVENUE FOR THE FIRST DISTRICT OF ILLINOIS, v. INDIANA STEEL COMPANY.

### ON CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 214. Argued October 14, 1921.—Decided October 24, 1921.

1. An action against a collector of internal revenue to recover taxes erroneously exacted by him, is based upon his personal liability and cannot be maintained against his successor in office who had no part in the assessment, collection or disbursement of the taxes. P. 4. *Sage* v. *United States*, 250 U. S. 33.

2. The statutory provisions for defence by the district attorney and for withholding execution against the collector and paying the judgment from the Treasury where the judgment contains a certificate of probable cause, etc., (Rev. Stats., §§ 771, 989) do not create a new statutory liability attached to the office and passing to successors:. P. 4.

3. The Act of February 8, 1899, c. 121, 30 Stat. 822, providing that a suit against an officer of the United States in his official capacity shall not abate by reason of his death or the expiration of his term of office but may be allowed to be maintained against his successor, supposes a suit already begun against the officer in his lifetime. P. 5.

CERTIFICATE from the Circuit Court of Appeals propounding questions arising upon the review of a judg-

1

ment against Smietanka in an action to recover taxes exacted by his predecessor as Collector of Internal Revenue.

*Mr. Assistant Attorney General Ottinger,* with whom *Mr. Solicitor General Beck* was on the brief, for Smietanka.

*Mr. William Beye,* with whom *Mr. K. K. Knapp* and *Mr. R. W. Campbell* were on the brief, for Indiana Steel Company.

The action was properly brought against the collector who was in office at the time of the commencement of the suit. The United States has " enacted a system of corrective justice " by which the taxpayer is permitted " to sue the Government through its collector," and if the tax was wrongfully exacted the courts will give him relief by a judgment which the United States pledges herself to pay." *Cheatham* v. *United States,* 92 U. S. 85, 88; *Philadelphia* v. *Collector,* 5 Wall. 720, 733.

The statute requiring the collector to pay the moneys collected by him into the Treasury took away the common-law action theretofore existing, and provided only a purely statutory remedy, which, while not in form, is in substance against the United States. *Hubbard* v. *Collector,* 12 Wall. 1, 11, 13; *Cary* v. *Curtis,* 3 How. 236; *Philadelphia* v. *Collector,* 5 Wall. 720, 732; *Schoenfeld* v. *Hendricks,* 152 U. S. 691; *Kinney* v. *Connat,* 166 Fed. 720; *United States* v. *Frerichs,* 124 U. S. 315; *Kings County Savings Institution* v. *Blair,* 116 U. S. 200, 205; *Arnson* v. *Murphy,* 115 U. S. 579.

The proper defendant is the collector in office at the time suit is commenced. *Armour* v. *Roberts,* 151 Fed. 846.

The pertinent statutes are, §§ 3220, 3219, 3224, 3226, 3227, 3228, 3210, 771, 3689, 989, Rev. Stats., and Act of February 8, 1899, c. 121, 30 Stat. 822. These remedial statutes should be liberally construed to accomplish the purpose of their enactment.

In cases of this kind, the collector is merely the nominal defendant, and it would seem immaterial whether the suit was brought against the collector who collected the money or his successor in office, so long as the Government has an opportunity to defend. The question before the court is whether the United States has received moneys which properly belong to the plaintiff.

The arguments advanced in the opinions in *Roberts* v. *Lowe*, 236 Fed. 604; *Philadelphia, H. & P. R. R. Co.* v. *Lederer*, 242 Fed. 492; 239 Fed. 184, are not well founded.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit brought to recover internal revenue special excise taxes for the years 1910 and 1912, assessed under the Act of Congress of August 5, 1909, c. 6, § 38, 36 Stat. 11, 112; and paid by the plaintiff, the defendant in error, under duress. The taxes were collected by S. M. Fitch, then collector of internal revenue, and it was certified by the District Court as part of its judgment that there was probable cause for the act of the collector, that he acted under the direction of the Commissioner of Internal Revenue, and that the amounts recovered should be provided for and paid out of the proper appropriation from the Treasury of the United States. The defendant is the present collector for what was Fitch's district and was held liable by this judgment. The case was taken to the Circuit Court of Appeals which has certified the following questions:

" 1. Assuming that the declaration states a good cause of action had the suit been brought against S. M. Fitch, the internal revenue collector who actually collected and received the taxes, does it state any cause of action whatever against said S. M. Fitch's successor in office, the plaintiff in error, against whom the suit was brought, but who had no participation in the collection, receipt or disbursement of such taxes? .

" 2. May suit in the District Court of the United States properly be brought and maintained against a United States collector of internal revenue for the recovery of the amount of a United States internal revenue tax, unlawfully assessed and collected, but in the collection and disbursement of which such collector had no agency, the entire transaction of such assessment, collection and disbursement having occurred during the incumbency of such office of a predecessor in office of such collector? "

As the law stood before later statutes a collector was liable personally for duties mistakenly collected, if the person charged gave notice, at the time, of his intention to sue, and warning not to pay over the amount to the Treasury. *Elliott* v. *Swartwout,* 10 Pet. 137. But, after an act of Congress had required collectors to pay over such monies, it was held, against the dissent of Mr. Justice Story, that the personal liability was gone. *Cary* v. *Curtis,* 3 How. 236. Later statutes however recognize suits against collectors in such cases, and the plaintiff contends that they should be construed to create a new statutory liability attached to the office and passing to successors, as was held in this case, the formal defendant being saved from harm by the United States. This however is not the language of the statutes and hardly can be reconciled with the decision of this Court in *Sage* v. *United States,* 250 U. S. 33, and other cases to which we shall refer.

To show that the action still is personal, as laid down in *Sage* v. *United States,* 250 U. S. 33, 37, it would seem to be enough to observe that when the suit is begun it cannot be known with certainty that the judgment will be paid out of the Treasury. That depends upon the certificate of the Court in the case. It is not to be supposed that a stranger to an unwarranted transaction is made answerable for it; yet that might be the result of the suit if it could be brought against a successor to the collector-

ship.  A personal execution is denied only when the certificate is given.  It is true that in this instance the certificate has been made, but the intended scope of the action must be judged by its possibilities under the statutes that deal with it.  The language of the most material enactment, Rev. Stats., § 989, gives no countenance to the plaintiff's argument.  It enacts that no execution shall issue against the collector but that the amount of the judgment shall "be provided for and paid out of the proper appropriation from the Treasury," when and only when the Court certifies to either of the facts certified here, and " when a recovery is had in any suit or proceeding against a collector or other officer of the revenue for any act done by him, or for the recovery of any money exacted by or paid to him and by him paid into the Treasury, in the performance of his official duty."  A recovery for acts done by the defendant is the only one contemplated by the words " by him."  The same is true of Rev. Stats., § 771, requiring District Attorneys to defend such suits.

No different conclusion results from the Act of February 8, 1899, c. 121, 30 Stat. 822.  That is a general provision that a suit by or against an " officer of the United States in his official capacity " should not abate by reason of his death, or the expiration of his term of office, &c., but that the Court upon motion within twelve months showing the necessity for the survival of the suit to obtain a settlement of the question involved, may allow the same to be maintained by or against his successor in office.  Whether this would apply to a suit of the present kind is at least doubtful.  *Roberts* v. *Lowe,* 236 Fed. 604, 605.  In *Patton* v. *Brady,* 184 U. S. 608, a suit against a collector begun after the passage of this statute, it was held that it could be revived against his executrix, which shows again that the action is personal; as also does the fact that the collector may be held liable for interest.  *Erskine* v. *Van*

*Arsdale*, 15 Wall. 75. *Redfield* v. *Bartels*, 139 U. S. 694. But in any event the statute supposes a suit already begun against the officer in his lifetime. We need not consider the remedies against the United States. *United States* v. *Emery, Bird, Thayer Realty Co.*, 237 U. S. 28; *Sage* v. *United States*, 250 U. S. 33. It appears to us plain without further discussion that both questions must be answered: No.

*Answers to Questions 1 and 2: No.*

Mr. Justice McKenna and Mr. Justice Clarke dissent.