**MASONIC COUNTRY CLUB OF WESTERN MICHIGAN v. HOLDEN, Collector of Internal Revenue.**

(District Court, W. D. Michigan, S. D. April 27, 1926.)

No. 3143.

1. **Internal revenue ⬤�netscape38—Social club was proper party to maintain action against internal revenue collector for return of tax paid to it by member, with instructions to pay tax under protest and take measures to obtain its recovery (Pub. Acts Mich. 1921, No. 84; Internal Revenue Act 1921, §§ 801, 802 [Comp. St. Ann. Supp. 1923, §§ 6309⅝b, 6309⅝c]).**

Social club, incorporated under Pub. Acts Mich. 1921, No. 84, was a proper party to bring action against internal revenue collector for return of tax on membership fee under Internal Revenue Act 1921, § 801 (Comp. St. Ann. Supp. 1923, § 6309⅝b), paid by member of club at time of joining, with instructions to pay it under protest and take necessary measures to obtain its recovery; club thereby becoming agent for such member, besides being concerned in question as being itself liable for payment of tax under section 802 (Comp. St. Ann. Supp. 1923, § 6309⅝c).

2. **Internal revenue ⬤⟹38—Statute invalidating assignments of claims against United States before allowance is inapplicable to action brought by social club to recover tax paid it by member, with directions to take measures for its recovery after payment. (Rev. St. § 3477 [Comp. St. § 6383]).**

Rev. St. § 3477 (Comp. St. § 6383), invalidating assignments of claims against United States before allowance, is inapplicable in action brought by social club against internal revenue collector for recovery of tax paid to it by member, with directions to take measures for its recovery after payment; such action not being assertion of claim against United States.

3. **Evidence ⬤⟹22(1)—It is common knowledge, of which judicial notice will be taken, that "life membership" in social club is membership for life, subject to earlier termination only by resignation or dishonorable expulsion.**

It is a matter of common knowledge, of which judicial notice will be taken, that "life membership" in social clubs and organizations is membership for life, subject to earlier termination only by resignation or dishonorable expulsion.

4. **Internal revenue ⬤⟹11—So-called life membership in social club, requiring payment of annual dues and providing for suspension on failure, held not life membership, within meaning of Revenue Law, as would authorize exemption from tax (Internal Revenue Act 1921, § 801 [Comp. St. Ann. Supp. 1923, § 6309⅝b]).**

So-called life membership in social club, requiring payment of annual dues and providing for suspension on failure to pay dues, *held* not such a life membership, within meaning of Internal Revenue Act 1921, § 801 (Comp. St. Ann. Supp. 1923, § 6309⅝b), as would authorize exemption from tax imposed thereby on initiation fees.

5. **Internal revenue ⬤⟹11—Social club, with by-laws providing fee for life members, held not in position to contend that such fee was purchase of stock, so as to exempt it from taxation under internal revenue laws (Internal Revenue Act 1921, § 801 [Comp. St. Ann. Supp. 1923, § 6309⅝b]).**

Social club, with by-laws providing for payment of fee for life members at time of joining, *held* not in a position to contend that such fee was not payment of initiation fee, but purchase of capital stock, so as to exempt it from taxation under Internal Revenue Act 1921, § 801 (Comp. St. Ann. Supp. 1923, § 6309⅝b).

6. **Internal Revenue ⬤⟹2—Law imposing tax on initiation fees to certain clubs and organizations held valid, as not being property tax, without uniformity of apportionment required by Constitution, being an indirect excise tax (Internal Revenue Act 1921, § 801 [Comp. St. Ann. Supp. 1923, § 6309⅝b]; Const. art. 1).**

Internal Revenue Act 1921, § 801 (Comp. St. Ann. Supp. 1923, § 6309⅝b) imposing tax on initiation fees to certain clubs and organizations, *held* valid, as not imposing direct property tax without uniformity of apportionment, provided by Const. art. 1, it being an indirect excise tax, not subject to such constitutional requirement.

7. **Statutes ⬤⟹58—Contention that law imposing tax on initiation fees to certain clubs and organizations is void for uncertainty, where not sufficiently defining "resident members," used therein, held inapplicable in case where there is no dispute as to resident member involved (Internal Revenue Act 1921, § 801 [Comp. St. Ann. Supp. 1923, § 6309⅝b]).**

Contention that Internal Revenue Act 1921, § 801 (Comp. St. Ann. Supp. 1923, § 6309⅝b), imposing tax on initiation fees to certain clubs and organizations, is void for uncertainty, as not sufficiently defining meaning of "resident members," used therein, *held* inapplicable in case where there is no dispute as regards the residence of member involved.

8. **Statutes ⬤⟹58—Validity of statute cannot be attacked on sole ground that statute will be invalid as applied to certain hypothetical situation not involved in suit.**

Validity of statute cannot be attacked in suit on sole ground that, if applied to certain hypothetical situation, such statute would be

invalid, where no such situation is involved in suit.

At Law. Action by the Masonic Country Club of Western Michigan against Charles Holden, Collector of Internal Revenue. Judgment for defendant.

William K. Clute, of Grand Rapids, Mich., for plaintiff.

Edward J. Bowman, U. S. Atty., and Howard A. Ellis, Asst. U. S. Atty., both of Grand Rapids, Mich., for defendant.

TUTTLE, District Judge. This is an action by the Masonic Country Club of Western Michigan, a nonprofit Michigan corporation, to recover from the defendant, Charles Holden, United States collector of internal revenue for the Western District of Michigan, the sum of $10 which plaintiff paid to him, under protest, as such collector, and which it now seeks to recover on the ground that such sum was wrongfully and illegally assessed and collected from it as an internal revenue tax, and that therefore plaintiff is entitled to a refund thereof. It appears that plaintiff has duly applied, in accordance with the applicable statutory procedure and to the proper executive officials, for such refund, which has been denied by such officials. A motion to dismiss the declaration was overruled, and after the filing of a plea of the general issue a jury was waived by written stipulation, filed pursuant to section 649 of the United States Revised Statutes (Comp. St. § 1587), and the case was heard by the court without a jury:

The questions involved relate to the construction and applicability of section 801 of the Internal Revenue Act of 1921 (42 Statutes at Large, p. 291 [Comp. St. Ann. Supp. 1923, § 6309⅝b]) imposing a tax on initiation fees to certain clubs and organizations. That section provided as follows:

"That from and after January 1, 1922, there shall be levied, assessed, collected, and paid, in lieu of the taxes imposed by section 801 of the Revenue Act of 1918, a tax equivalent to 10 per centum of any amount paid on or after such date, for any period after such date, (a) as dues or membership fees (where the dues or fees of an active resident annual member are in excess of $10 per year) to any social, athletic, or sporting club or organization; or (b) as initiation fees to such a club or organization, if such fees amount to more than $10, or if the dues or membership fees (not in-cluding initiation fees) of an active resident annual member are in excess of $10 per year; such taxes to be paid by the person paying such dues or fees: Provided, that there shall be exempted from the provisions of this section all amounts paid as dues or fees to a fraternal society, order or association, operating under the lodge system. In the case of life memberships a life member shall pay annually, at the time for the payment of dues by active resident annual members, a tax equivalent to the tax upon the amount paid by such a member, but shall pay no tax upon the amount paid for life membership."

Section 802 of the same act (Comp. St. Ann. Supp. 1923, § 6309⅝c) provided as follows:

"That every person, receiving any payments for such admission, dues, or fees, shall collect the amount of the tax imposed by section 800 or 801 from the person making such payments. Every club or organization having life members, shall collect from such members the amount of the tax imposed by section 801. In all the above cases returns and payments of the amount so collected shall be made at the same time and in the same manner and subject to the same penalties and interest as provided in section 502."

Section 502, thus referred to (42 Statutes at Large 284 [Comp. St. Ann. Supp. 1923, § 6309⅓c]), included the following provision:

"That each person receiving any payments referred to in section 500 shall collect the amount of the tax, if any, imposed by such section from the person making such payments, and shall make monthly returns under oath, in duplicate, and pay the taxes so collected to the collector of the district in which the principal office or place of business is located."

Plaintiff is a social club incorporated under Act 84 of the Michigan Public Acts of 1921, which provides for the organization of corporations "not for pecuniary profit." Its articles of incorporation state its purposes and objects to be "to operate and maintain a clubhouse and grounds for the comfort, pleasure, entertainment, recreation, and amusement of members of lodges of Free and Accepted Masons and members of chapters of the Order of the Eastern Star as the same are regularly constituted, who become members of the corporation, and for such purposes to acquire, own and improve the necessary real estate, and erect buildings thereon and construct fields and cours-

es for all kinds of athletic field sports and pastimes, and to acquire and own the necessary personal property convenient and useful in carrying out the above purposes."

The articles of incorporation provide for capital stock divided into shares of the par value of $100 each, to be sold to eligible and approved subscribers. Plaintiff is authorized by section 7 of the act under which it is organized "to fix the amount of the membership fees of dues which members may be required to pay initially or periodically, as a condition of admission or retention as such members."

Article VII of plaintiff's by-laws contains the following provisions:

"Section 1. Membership shall be limited to such persons as are members in good standing in some lodge of Free and Accepted Masons organized under the jurisdiction of the Grand Lodge of Michigan or in fraternal relations with such Grand Lodge or members in good standing in some chapter of the Eastern Star organized under the jurisdiction of the Grand Chapter O. E. S. of Michigan or in recognized relations therewith and who have been elected by the board of directors pursuant to the by-laws to honor roll life membership or regular life membership. Such Masonic affiliation and election shall in each case be the prerequisite to membership. Mere stock ownership by purchase from the club or otherwise shall not entitle such owner to membership or to the enjoyment of the use and privileges of the clubhouse and grounds.

"Section 2. Honor roll life membership is defined to be a member who has been duly elected to such membership by the board of directors and who shall become the owner by purchase from the club within two years from the date of its organization of ten or more shares of the original (present authorized) issue of the capital stock of the corporation. This class shall not exceed one hundred. The sums paid for such stock shall be deemed and considered as the amount paid for such honor roll life membership. From any surplus of income available for that purpose the corporation shall have the right but shall be under no obligation to purchase from honor roll life members all but one of their shares of stock at par on giving to such member thirty days notice of intention so to do. Stock so purchased shall be placed in the treasury and be subject to sale by the board of directors at not less than par.

"Section 3. Regular life members shall be those elected as such by the board of directors pursuant to the by-laws. Regular life members shall be deemed those having prerequisites as provided in section 1 of this article and who meet the provisions of article VIII, section 2, and have been duly elected to such membership in the club.

"Article VII, Sec. 3a. In addition to the other classifications of membership and subject to the limitations of section 1 of this article there is hereby created and established an active annual resident membership. Such membership shall consist only of members resident in Kent county, Michigan. Application therefor shall be made in substantial conformity to the provisions of section 7 of this article, designating this class of membership applied for. The duration of an active annual resident membership shall be limited to the current year in which such application is made. The initiation fee of active annual resident members shall be one hundred ($100) dollars, payable with the application. There shall also be paid with the application an additional sum of $10 for annual club dues for the current club year. This membership shall in each case terminate with the expiration of the current club year, but shall be subject to renewal from year to year within 30 days from and after expiration of each club year, but not later by the payment of annual club dues of $10 for each current year within such 30-day period."

No application for this so-called "active annual resident membership" has ever been received by the club. Article VIII of the by-laws includes the following provisions:

"Section 1. Honor roll life members shall not be required to pay any initiation fee or stated annual dues.

"Section 2. The life membership fee for regular life members shall be one hundred dollars, payable on the filing of the application: Provided, however, that if at the time of the filing of the application the applicant shall be the owner by purchase from the corporation of not less than one or more than nine fully paid shares of its capital stock then such applicant shall not be required to pay the above life membership fees; and provided, further, that if at the time of filing such application the applicant shall be the owner otherwise than by purchase from the corporation of one or more shares of its fully paid capital stock then such applicant shall pay accompanying the application a life membership fee of fifty dollars. In either case the payment of such life membership fee or for not more than one share of stock purchased from the

954 FEDERAL REPORTER, 2d SERIES

club shall be deemed and considered as the amounts paid for such regular life membership.

"Section 3. The annual dues of all regular life members shall be ten dollars payable with the application and on April 1st annually thereafter: Provided, that on any election to membership between October 1 and April 1, dues payable with the application shall be five dollars."

Section 2 of article IX of the by-laws provides that the names of the members who fail to pay their dues within the prescribed period shall, "unless good cause to the contrary be shown, be stricken from the roll of membership."

On December 15, 1923, Robert J. Ellwanger, a resident of the city of Grand Rapids, executed and delivered to the plaintiff club a subscription for one share of its stock, "subject to the existing or future by-laws of the club," and an application for the so-called "regular life membership" therein and agreed "to observe all the by-laws, rules, and regulations of the club." He paid to the club, in accordance with its by-laws, the sum of $100, and the additional sum of $10 as the tax claimed by the defendant collector of internal revenue to be due under section 801 of the Internal Revenue Act already quoted. The payment of this latter sum was accompanied by a written statement of such member, reciting that such claimed tax was paid under protest, and authorizing the club, on his behalf, to apply for refund and recovery of such payment. Thereafter he executed an assignment to the club of all of his interest in his claim against the United States or the defendant collector for such refund or recovery. On the refusal of the revenue officials to grant the application of the plaintiff for a refund, as already quoted, plaintiff instituted this action.

The sum of $100 so paid to, and retained by, the club appears to have been entered by it on its books in a "subscription" account (the meaning of which term is not entirely clear in this connection), and in another account referred to by it as a "stock" account, and to have been mingled with its receipts from dues and from other sources in its general funds which were used for the payment of its capital and operating expenditures. While the record on this point is not as clear as might be desired, in the view which I take of the matter the question as to the form or manner in which this payment was recorded on the books of account of the plaintiff becomes immaterial,

The questions involved may be conveniently summarized and grouped as follows:

(1) Is the plaintiff club the proper party to bring this action?

(2) Did the payment on which this tax was assessed constitute an "amount paid for life membership," within the meaning of section 801 of the Internal Revenue Act of 1921?

(3) Did such payment constitute an "amount paid * * * as initiation fee," within the meaning of said act?

These questions will be considered and discussed in the order named.

[1] 1. The contention of defendant that this action cannot be maintained by plaintiff, for the reason that it is not the taxpayer who paid the tax involved, and is therefore not the real party interested in the recovery of such tax, cannot be sustained. It will be noted from the statutory provisions already quoted that plaintiff was expressly and specifically required thereby to "collect" from its members "the amount of tax imposed," to "make monthly returns" thereof, and to "pay the taxes so collected to the collector." After, therefore, if not before, the amount of this tax was received by the plaintiff for payment by it to the defendant collector, the plaintiff was as much concerned and interested as was any one in questions relating to such payment, including that involving the claimed invalidity thereof. Plaintiff, indeed, thereby became itself liable for such payment to the defendant. Heyman v. United States, 285 F. 685 (C. C. A. 6).

Moreover, as already stated, plaintiff was expressly authorized, by the member from whom it received this amount, to pay it as a tax only under protest, and to take the necessary measures to obtain its recovery. Plaintiff thereby became the agent for such member, to bring the present action, and, under familiar rules of the law of agency, was and is entitled to institute and maintain such action in its own name.

[2] The question, therefore, raised by the defendant, whether the assignment to the plaintiff by said member of his interest in this recovery was void, under section 3477 of the United States Revised Statutes (Comp. St. § 6383), invalidating assignments of claims against the United States before allowance thereof, is immaterial here. It is, however, clear that such statute is inapplicable, as this action, brought as it is against the defendant collector, is not, at least in its present stage, an action assert-

ing a claim against the United States. Smietanka v. Indiana Steel Co., 42 S. Ct. 1, 257 U. S. 1, 66 L. Ed. 99. The effect, therefore, of such assignment, was to transfer to the plaintiff whatever interest in the recovery of this tax the assignor thereunder previously had. In any view of the matter, plaintiff is clearly a proper party to bring this action, and the contention of the defendant to the contrary must be overruled.

[3, 4] 2. Coming to the merits of the case, it is urged by the plaintiff that if, as claimed by the defendant, the payment in controversy was not made for club stock, but was an initiation fee for membership in the club, such payment was for life membership, and therefore exempt from the tax imposed by this statute, by virtue of the provision thereof that "in the case of life memberships a life member shall pay annually, at the time for the payment of dues by active resident annual members, a tax equivalent to the tax upon the amount paid by such member, but shall pay no tax upon the amount paid for life membership." It is, however, in my opinion, plain and apparent from the by-laws already quoted, that the so-called "regular life membership," 'for which this payment was made, was a "'life membership" in form and name only, and not in substance nor in fact. By the use of the language just quoted, Congress must have intended to refer to what is generally understood and known as life membership. It is a matter of common knowledge, of which this court will take judicial notice, that the kind of membership in clubs and organizations such as the plaintiff which is called life membership is a familiar one, and constitutes essentially, as its name indicates, membership for life, subject to earlier termination only by resignation or dishonorable expulsion. It usually, if not universally, entails an initiation fee, but the payment of such fee is the only fee required, and it does not call for annual or other periodical dues. Indeed, it is in just this respect that life membership differs from the kind of membership known as "annual membership," "regular membership," and by other similar terms. This exemption from the payment of periodical dues is perhaps the principal attraction and advantage incident to this form of membership, and it would undoubtedly be a cause for much surprise to members of clubs and societies, such as that of the plaintiff, throughout this country, who are called and supposed by themselves and by their fellow members to be life members, to learn that they were expected to pay periodical dues, in addition to whatever initiation life membership fee they had already paid. The by-laws of the plaintiff club, however, as already observed, provide for the payment of annual dues by its members, who are referred to in such by-laws, in an obvious attempt to obtain the exemption conferred by this statute, as "regular life members," as well as by the members which such by-laws term "active annual resident members," of which, significantly, there are none. Failure of such so-called "life members" to pay such annual dues within the time specified results automatically, under such by-laws, in the striking of their names from membership, unless they satisfy the burden of proof imposed upon them of showing "good cause to the contrary." There appears, indeed, to be no substantial difference in this respect, nor, indeed, in any others, between such so-called life members and the so-called, but nonexistent, annual members. Under these circumstances, the name of life member is a mere misnomer, and cannot have the effect of converting into life membership what is in reality something quite different. I am satisfied that the only true life membership which the plaintiff club has is the membership which it calls, in the by-laws already quoted, "honor roll life membership," and that the so-called "regular life membership," for which the payment here in question is alleged to have been made, is not a "life membership," within the meaning of the statute involved, nor entitled to exemption thereunder.

[5] 3. It is urged by plaintiff that the transaction on which the tax in question was collected constituted merely the purchase of, and payment for, a share of the capital stock of plaintiff as a corporation, and was not the payment of an "initiation fee" to plaintiff as a club, within the meaning of the statute. It must be admitted that this contention has plausibility, but I am of the opinion that plaintiff, by its own by-laws, has foreclosed itself from now making such an argument. It is true that the rights of corporate stockholders, as such, even in a nonprofit corporation such as the plaintiff, are different in character, at least in some respects, from those of a member, as such, of plaintiff, when viewed solely as a club. This difference is fundamental and obvious, and arises from the difference between the inherent nature of stock ownership and that

of club membership. It is equally true that plaintiff might have made provision for the sale of stock in it as a corporation, to its members or prospective members, even as a prerequisite to membership in it as a club, without requiring the payment of any initiation fee from such members for such membership. Indeed, section 1 of article VIII of the by-laws, already quoted, does expressly provide that "honor roll life members shall not be required to pay any initiation fee." But with respect to the so-called "regular life membership," here involved, section 2 of the same article of the by-laws begins with the provision that "the life membership fee for regular life members shall be one hundred dollars," and concludes by providing that "the payment of such life membership fee, or for not more than one share of stock purchased from the club, shall be deemed and considered as the amount paid for such regular life membership." Thus the very question presented in this case, as to whether the payment of this amount should be deemed and considered as paid for stock or for membership, has been expressly and specifically answered by the plaintiff itself, in the formal by-laws which it has framed as its governing regulations, and which form part of the contract between it and its members, binding them both. Plaintiff, therefore, is not now in a position to deny that such amount was paid as an initiation fee, and its present contention to that effect cannot be sustained.

[6] The objection urged on behalf of plaintiff against the validity of the statute, on the ground that it is an attempt to impose a direct property tax without the uniformity of apportionment required by article 1 of the federal Constitution, is plainly inapplicable and untenable, for the reason that this statute does not impose a property tax, nor a direct tax, but an indirect excise tax, not subject to the constitutional requirement mentioned.

[7, 8] The final objection suggested to the statute, to the effect that its reference to "resident" members does not sufficiently define the meaning of that term, and that therefore the statute is void for uncertainty, is equally inapplicable to this case, as there is no dispute, doubt, nor materiality here as regards the residence of the member involved, and it is a familiar rule that the validity of a statute cannot be attacked in a suit on the sole ground that if, and only if, applied to a certain hypothetical situation, such statute would be invalid, where no such situation is involved in such suit.

For the reasons stated, defendant is entitled to a verdict of no cause of action, and such verdict and judgment thereon may be entered.