## PENN SMOKELESS COAL CO. v. LEWELLYN.

District Court, W. D. Pennsylvania.
February 10, 1928.

No. 3791.

1. **Internal revenue** ⬡⟾38(4)—**Action against collector of internal revenue to recover taxes erroneously paid is personal.** ·

Action against collector of internal revenue to recover taxes erroneously paid is a personal action.

2. **Internal revenue** ⬡⟾38(6)—**Action to recover interest on overpayment of income and excess profits taxes held maintainable against United States only, not against former collector of internal revenue (Revenue Act 1924, § 1019 [26 USCA § 153]).**

Action under Revenue Act 1924, § 1019 (26 USCA § 153; Comp. St. § 6371⅚m), to recover interest on overpayments which were credited on taxes for a subsequent year, is maintainable only against United States, and was improperly brought against former collector of internal revenue.

At Law. Action by the Penn Smokeless Coal Company against C. G. Lewellyn, formerly Collector of Internal Revenue for the Twenty-Third District of Pennsylvania. Judgment for defendant.

Smith, Shaw & McClay, of Pittsburgh, Pa., for plaintiff.

J. D. Meyer, U. S. Atty., and W. J. Aiken, Ass't U. S. Atty., both of Pittsburgh, Pa., and C. M. Charest, Bureau Int. Rev., and Ralph E. Smith, Sp. Atty. Int. Rev. Bureau, both of Washington, D. C., for defendant.

SCHOONMAKER, District Judge. This case comes before the court on an affidavit of defense filed under the Pennsylvania Practice Act (Pa. St. 1920, § 17062 et seq.), raising questions of law. The legal defenses set up by the defendant are: (1) That the plaintiff has no right of action against the defendant, as a matter of law; (2) that plaintiff's claim is for interest on taxes alleged to have been wrongfully collected by the defendant as collector, and is based solely on an act of Congress providing for the payment of interest, passed subsequently to the date of receipt of taxes by the defendant as collector, and subsequently to the date of the expiration of his term of office, and cannot therefore be maintained against the defendant by this action.

The facts of the case, as disclosed by the plaintiff's statement of claim, so far as they are pertinent to the discussion of the legal questions raised, are as follows:

The plaintiff overpaid its income and ex-

cess profits taxes for the fiscal year ending March 31, 1918, to the extent of $7,317.30, such excessive payments being made as follows: $3,703.67 on October 27, 1919; and $3,613.63 thereof on December 15, 1919. Such payments were made to the defendant as collector of internal revenue for the Twenty-Third district of Pennsylvania; the defendant serving in that capacity from the 1st day of October, 1913, until the 1st day of August, 1921.

The plaintiff filed claim with the Commissioner of Internal Revenue for the refundment of the overpayments in question, and on the 17th day of December, 1925, the Commissioner notified the plaintiff that it had been overassessed in these amounts. But, on January 28, 1926, instead of refunding the amount, the Commissioner allowed a credit for said overpayment of $7,313.30 upon additional income and excess profits taxes for the fiscal year ending March 31, 1919, which had been assessed by the Commissioner against the plaintiff on June 21, 1924. Under this state of facts, the plaintiff contends that it is entitled to recover interest on $3,-703.67 from October 27, 1919, to January 28, 1926, and on $3,613.63 from December 15, 1919, to January 28, 1926, or a total interest of $2,014.44, under and by virtue of section 1019 of the Revenue Act of 1924, which provides as follows:

"Sec. 1019. Upon the allowance of a credit or refund of any internal revenue tax erroneously or illegally assessed or collected, or of any penalty collected without authority, or of any sum which was excessive or in any manner wrongfully collected, interest shall be allowed and paid on the amount of such credit or refund at the rate of 6 per centum per annum from the date such tax, penalty, or sum was paid to the date of the allowance of the refund, or in case of a credit, to the due date of the amount against which the credit is taken, but if the amount against which the credit is taken is an additional assessment, then to the date of the assessment of that amount." 26 USCA § 153; Comp. St. § 6371⅚m.

[1] The suit in question was begun on May 23, 1927, long after the defendant's term of office as collector of internal revenue had expired. At the outset of this case, it must be noted, first, that an action against a collector of internal revenue to recover taxes erroneously paid is a personal action. Sage v. United States, 250 U. S. 33, 39 S. Ct. 415, 63 L. Ed. 828; Smietanka, Collector of Internal Revenue, v. Indiana Steel Co., 257 U. S. 1, 42 S. Ct. 1, 66 L. Ed. 99.

[2] It may be noted further that this action is not based upon anything that the collector of internal revenue did, or failed to do, while in office, but is based solely upon an act of Congress for the allowance and payment of interest on sums wrongfully collected by collectors of internal revenue. This claim arising specifically under this act of Congress, we are of the opinion that the action is not properly brought against the former collector, and could be maintained only against the United States, which, by act of Congress, has provided for its payment. The act of Congress did not place upon the collector of internal revenue the duty of paying interest on sums wrongfully collected, but provided for its payment by the United States. We conclude, therefore, that this action may not be maintained against the collector in person.

We therefore sustain the affidavit of defense, and judgment may be entered thereon in favor of the defendant.