### FRENCH CLAY BLENDING CO. v. LEWELLYN.

District Court, W. D. Pennsylvania.
February 10, 1928.

No. 3184.

Internal revenue ⬡⟿38(4)—Action to recover interest on taxes illegally exacted held maintainable against United States only, not against former internal revenue collector (Revenue Act 1924, § 1019 [26 USCA § 153]).

Action under Revenue Act 1924, § 1019 (26 USCA § 153; Comp. St. § 6371⅝m), to recover interest on income and excess profits tax payments illegally exacted from plaintiff, held maintainable against United States only, and improperly brought against former collector of internal revenue.

At Law. Action by the French Clay Blending Company against C. G. Lewellyn, formerly Collector of Internal Revenue for the Twenty-Third District of Pennsylvania. Judgment for defendant.

Smith, Shaw & McClay, of Pittsburgh, Pa., for plaintiff.

J. D. Meyer, U. S. Atty., and W. J. Aiken, Ass't U. S. Atty., both of Pittsburgh, Pa., R. W. Smith, Ass't U. S. Atty., of Los Angeles, Cal., and C. M. Charest, Bureau Int. Rev., of Washington, D. C., for defendant.

SCHOONMAKER, District Judge. This case was tried before the court without a jury, a jury trial having been waived. It is an action to recover interest claimed to be payable to the plaintiff under and by virtue of section 1019 of the Revenue Act of 1924 (26 USCA § 153; Comp. St. § 6371⅝m) upon certain payments of income and excess profits taxes which were illegally exacted from the plaintiff. From the pleadings and proofs, the following facts appear:

On June 15, 1918, under protest, the plaintiff paid the former collector of internal revenue the sum of $5,024.88, income and excess profits taxes. On September 21, 1919, under protest, the plaintiff paid to the defendant the sum of $1,944.55, in additional taxes assessed against the plaintiff by the Commissioner of Internal Revenue. A claim for refundment of these taxes was made by the plaintiff upon the Commissioner of Internal Revenue, which claim was duly allowed, and on the 7th day of April, 1924, the plaintiff received from the Treasurer of the United States the sum of $7,501.87, being the amount of said taxes theretofore paid by the plaintiff, $6,969.43, plus interest in the sum of $532.44.

The plaintiff contends that this interest was less than the amount legally due him under the act of Congress, and that he should have been paid $2,285.49, instead of $532.44, leaving the amount of interest due him, $1,753.05, for which amount he made claim upon the Commissioner of Internal Revenue on the 5th day of May, 1924, and which claim the Commissioner rejected. The plaintiff then brought this suit against C. G. Lewellyn, former collector of internal revenue, to recover this additional interest alleged to be due him under act of Congress above referred to.

The defendant contends that this action will not lie against him as collector, for the reason that it does not appear that the tax on which interest is sought to be recovered was paid under a specific protest, as provided by section 1324a of the Revenue Act of 1921 (Comp. St. § 6371⅘j), and for the reason that the act of Congress under which the plaintiff seeks to recover interest was passed subsequently to the date of the payment of the tax to the collector, and subsequently to the date when his term of office expired, and for the further reason that the Revenue Act of 1921 would give no cause of action against the collector for interest on the amount refunded by the government.

We believe that this action was improperly brought against the former collector. C. G. Lewellyn was collector of internal revenue from the 1st day of October, 1913, to the 1st day of October, 1921. This action was

commenced on the 24th day of December, 1924. In an opinion filed the same date as this in the case of Penn Smokeless Coal Co. v. C. G. Lewellyn (3791 Law) 26 F.(2d) 743, we held that this action for interest would not lie against the former collector, and that the claim, if any, under the act of Congress, would be against the United States. For that reason alone, we must enter judgment in this case in favor of the defendant. We make no ruling whatever upon any other issues in the case.

An order for judgment may be submitted accordingly.