### WOLINSKY
v.
### HOFFMAN, Collector of Internal Revenue.
### Civ. No. 13270.

United States District Court, E. D. New York.

Feb. 23, 1954.

Paragraph Sixth is:

"That claims for refunds of taxes overpaid as hereinabove set forth, were duly filed with the defendant and that the defendant has refused and continues to refuse to credit or refund to the plaintiff said amounts."

The complaint was filed February 11, 1953, but seemingly no answer has been interposed.

The motion is based upon the said notice and an affidavit of one Finkelstein, Collection Officer with the Director of Internal Revenue, verified December 10, 1953, to which photostat copies of the claims for refund of "manufacturers excise tax on auto seat covers allegedly paid erroneously in the amounts set forth \* \* \*" are attached. It is said that no other claim or amendments were filed.

The argument is that the plaintiff should not have his day in court to prove, if he can, the averments of the quoted paragraph of the complaint. That attempt to evade offering whatever proof is necessary to meet the claim on the merits does not appeal to this court.

Jacob Schneider, New York City, for plaintiff.

Leonard P. Moore, U. S. Atty., for Eastern Dist. of N. Y., Brooklyn, N. Y., John W. Wydler, Asst. U. S. Atty., Garden City, N. Y., H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, and George T. Rita, Special Asst. Attys. Gen., for defendant.

BYERS, District Judge.

This is a defendant's motion to dismiss "pursuant to Rule 12(b) [Fed. Rules Civ.Proc. 28 U.S.C.A.]" on the ground that "the Court is without jurisdiction for the reason that the plaintiff did not file a claim for refund in accordance with \* \* \* Sec. 3443(d) of the Internal Revenue Code [26 U.S.C.A. § 3443(d)] and Treasury Regulation 46, Sec. 316.204."

The plaintiff alleges his cause to lie under specified provisions of Revenue Act of 1932 as amended, including the section above noted, in that he has made three overpayments of tax amounting in all to $1,744.49.

However much sustenance the Government may derive from the oft cited phrase from Rock Island, A. & L. R. Co. v. U. S., 254 U.S. 141, 41 S.Ct. 55, 56, 65 L.Ed. 188, that "Men must turn square corners when they deal with the Government \* \* \*" it ought also to be true that they are not to be deprived of an opportunity to offer whatever evidence they may be able to adduce concerning the precise location and aspect of the corners, and the efforts which they have made to turn them correctly.

The claims here involved refer to "the attached copy of the letter from the Collector of Internal Revenue" which the plaintiff says he is unable to produce. Perhaps if discovery were pursued, the defendant's copy of the letter would become available and prove to be of material bearing. Cf. U. S. v. Kales, 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132.

■■ Not included in the notice of motion are two matters presented in the Government's brief:

(a) That the plaintiff has sued the wrong Collector. Perhaps he has, but the subject would be appropriate for presentation as contemplated by Rule 9. This record is barren of any appropriate allegation of fact.

(b) That the complaint is bad on its face "in that no allegations are made which would inform the Court what the action is about." If this means that the complaint does not plead evidence, the observation is accurate but unimportant.

It may be that the plaintiff cannot sustain his burden of proof, but even a taxpayer ought to have his day in court, and the challenged complaint seems to me to be adequate for that purpose, leaving to the trial judge such function as he may feel called upon to exercise, once the evidence has been fully laid bare.

Motion denied. Settle order.