Theodore D. BUHL, and Anastasia R. Buhl, his wife, Appellants,

v.

A. M. MENNINGER, Director of Internal Revenue, Detroit, Michigan, Appellee.

No. 13280.

United States Court of Appeals
Sixth Circuit.

Jan. 23, 1958.

John R. Starrs, Detroit, Mich., and Wurzer, Higgins & Starrs, Detroit, Mich., on the brief, for appellants.

Sheldon I. Fink, Washington, D. C., and Charles K. Rice, John N. Stull, Harry Baum, Walter R. Gelles, Washington, D. C., Frederick W. Kaess, Detroit, Mich., on the brief, for appellee.

Before MARTIN, McALLISTER, and MILLER, Circuit Judges.

PER CURIAM.

Appellants filed an action against the District Director of Internal Revenue, claiming that his denial of their petition for refund of taxes theretofore illegally paid to his predecessor in office was arbitrary and capricious. Upon the dismissal of their complaint by the district court, they appealed.

The District Director's predecessor, who collected the taxes, had died before the suit was commenced.

In Sage v. United States, 250 U.S. 33, 39 S.Ct. 415, 63 L.Ed. 828, it was held that a suit against a Collector is personal; and that, at the time judgment is entered, the United States is a stranger to the suit. The personal remedy against the Collector is said to

derive from the common law action of indebitatus assumpsit, and is drawn from the conception that the Collector was personally responsible for illegally exacting monies under the claim that they were due as taxes. In United States v. Kales, 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132, the court said that notwithstanding the provisions for indemnifying the Collector and protecting him from execution, the nature and extent of the right asserted, and the measure of recovery, remained the same. Moreover, the court observed that Moore Ice Cream Co. v. Rose, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265, had not, as here contended by appellants, affected the course of decisions based upon the doctrine of the Sage case.

Under the rule laid down by the cited cases, it follows that it was the payment to the predecessor of the present Director of Internal Revenue, and not the denial of refund by the present Director, that gives rise to the cause of action.

Appellants allude to the statement of Mr. Justice Holmes in Blackstone v. Miller, 188 U.S. 189, 206, 23 S.Ct. 277, 279, 47 L.Ed. 439, that "When logic and the policy of a state conflict with a fiction, * * * the fiction must give way"; and to Mr. Justice Cardozo's observation in Moore Ice Cream Co. v. Rose, supra, [289 U.S. 373, 53 S.Ct. 623] that "A suit against a collector who has collected a tax in the fulfillment of a ministerial duty is today an anomalous relic of bygone modes of thought." These are cogent observations; but, as Mr. Justice Frankfurter said in United States v. Nunnally Investment Co., 316 U.S. 258, 260, 62 S.Ct. 1064, 1065, 86 L.Ed. 1455, "Although recognition has been made of the technical nature of a suit against a collector, no support can

be found for the contention that the Sage doctrine has been discarded as an anachronism. On the contrary, the rule has been reaffirmed in an unbroken line of authority." "It is not to be supposed that a stranger to an unwarranted transaction is made answerable for it; yet that might be the result of the suit if it could be brought against a successor to the collectorship." Smietanka v. Indiana Steel Co., 257 U.S. 1, 4, 42 S.Ct. 1, 2, 66 L.Ed. 99.

■ If the allegations of the complaint are true, and in this proceeding, they must be so accepted, appellants have suffered serious damage by the wrongful collection of money which has been turned over to the United States. They contend that if the courts sustain the judgment, the damage will have been caused to them by a fiction and an anachronism. But, as the Supreme Court said in the Nunnally case, "If the doctrine of the Sage case is now to be abandoned, such a determination of policy in the administration of the income tax law should be made by Congress, which maintains a Joint Committee on Internal Revenue Taxation charged with the duty of investigating the operation of the federal revenue laws and recommending such legislation as may be deemed desirable." 316 U.S. at page 264, 62 S.Ct. at page 1067.

It is to be remarked that appellants could have sued the United States directly for refund of the taxes in question. But that is not now pertinent, since the statute of limitations governing the filing of such an action has expired.

In accordance with the foregoing, the judgment entered by Judge Thornton in the district court is affirmed.