**Alfred B. STEWART**

v.

**C. I. FOX, District Director of Internal Revenue, U. S. Treasury Department.**

**Civ. No. 9143.**

United States District Court
D. Maryland.

Sept. 11, 1959.

Hanserd K. Presley, Takoma Park, Md., for plaintiff.

John R. Hargrove, Asst. U. S. Atty., Baltimore, Md., and Jack F. Blair, Atty, Dept. of Justice, Washington, D. C., for defendant.

THOMSEN, Chief Judge.

Defendant has moved to dismiss this action for return of alleged overpayment of income taxes because (1) taxpayer did not file timely claims for refund, and (2) the alleged overpayment was not made to defendant (the present district director) but to the collector who was in office in

1949 and 1950. At the hearing counsel offered and referred to several exhibits and admissions; the motion will therefore be treated as a motion for summary judgment.

■ Plaintiff filed timely income tax returns for the years 1943 to 1947 and paid the taxes shown thereby. After audit, additional assessments were made for those years, which plaintiff paid. The last payments for the years 1943 to 1945 were made on December 21, 1949; the last payments for the years 1946 and 1947 were made on February 10, 1950; all were made to George Hofferbert, who was then Collector of Internal Revenue. Plaintiff claims that $11,375.65 so paid for the years 1943 to 1947 represented overpayments, due to an error by the Internal Revenue agents, which was discovered by plaintiff about March 15, 1951, after the agents had returned his records to him. Plaintiff, however, filed no claim for refund until December 18, 1952, more than three years after the returns for the years 1943 to 1947 were filed, and more than two years after the taxes were paid. The claims for those years were therefore barred, although timely claims for later years were allowed. Sec. 322 (b), I.R.C. of 1939, as amended, 26 U. S.C., 1952 ed., sec. 322.[1] See also 26 U.S. C., 1952 ed., sec. 3774; T.R. 111, sec. 29.322–3, as amended, and sec. 29.322–7.

■ The limitation is binding on the Commissioner and on the courts. United States v. Garbutt Oil Co., 302 U.S. 528, 533, 58 S.Ct. 320, 82 L.Ed. 405. Sec. 7422(a) of the I.R.C. of 1954, 26 U.S.C. § 7422(a), in force when this action was filed, provides: "(a) No suit prior to filing claim for refund.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof." Plaintiff gains nothing by calling his complaint a "Complaint in Equity".

■ The action should have been filed against the United States or the collector who was in office when the alleged overpayments were made, rather than against defendant, the present district director, who took office in 1955. 28 U.S.C.A. § 1346(a) (1); Smietanka v. Indiana Steel Co., 257 U.S. 1, 4, 42 S.Ct. 1, 66 L.Ed. 99; Buhl v. Menninger, 6 Cir., 251 F.2d 659. It is unnecessary to decide whether an amendment to substitute the United States as a party defendant would relate back to the filing of the action;[2] for the reasons set out above, the action would have been barred if it had been filed against the United States on that date.

Judgment for defendant, with costs.

1. That section, which was in force when the claims were made, provided in pertinent part: *"Limitation on allowances. (1) Period of limitation.*—Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later."

2. See Phoenix State Bank & Trust Co. v. Bitgood, D.C.D.Conn., 28 F.Supp. 899; Royal Worcester Corset Co. v. White, D.C.D.Mass., 40 F.Supp. 267; Buhl v. Menninger, 6 Cir., 251 F.2d at page 660; I.R.C. of 1954, sec. 7422(c), 26 U.S.C.A. 7422(c), which is different from the statute in force at the time of Sage v. United States, 250 U.S. 33, 39 S.Ct. 415, 63 L. Ed. 828.