**Arthur WOLINSKY, Plaintiff-Appellee,**

v.

**UNITED STATES of America,
Defendant-Appellant.**

**No. 292, Docket 25447.**

United States Court of Appeals
Second Circuit.

Argued May 7, 1959.

Decided Oct. 26, 1959.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz, S. Dee Hanson, Attys., Dept. of Justice, Washington, D. C.; Cornelius W. Wickersham, Jr., U. S. Atty., Eastern District of New York, Brooklyn, N. Y., Lawrence G.

Nusbaum, Jr., Asst. U. S. Atty., Brooklyn, N. Y., for appellant.

I. Philip Sipser, New York City (Arthur Schutzer, New York City, of counsel), for appellee.

Before CLARK, Chief Judge, WATERMAN, Circuit Judge, and EDELSTEIN, District Judge.

WATERMAN, Circuit Judge.

This is an action to recover manufacturer's excise taxes alleged to have been erroneously paid. Taxpayer-appellee manufactures and installs custom made automobile seat covers. The disputed taxes were paid during the three years 1948 through 1950. Appellee contends that at the time these taxes were paid a portion of his business was not subject to taxation. The court below agreed with taxpayer's contentions and rendered judgment against the United States. We conclude that the disputed taxes were lawfully collected and reverse the result reached below.

Appellee's sales during the years involved were about evenly divided between sales to dealers in new and used automobiles, and direct sales to retail owners of automobiles. Section 3403(c) of the 1939 Internal Revenue Code, 26 U.S.C.A. § 3403(c) imposes a tax on the sale of "parts or accessories" for automobiles, and the Commissioner of Internal Revenue has consistently held that all sales of seat covers to automobile dealers are within the purview of that section. See Masao Hirasuna v. McKenney, 9 Cir., 1957, 245 F.2d 98, 103. However, for an undetermined period prior to August 1952 the Commissioner had issued private rulings to the effect that sales of seat covers "custom made" to the order of retail owners of automobiles were outside the scope of Section 3403(c). Appellee commenced operations in April 1948. He did not become aware of these private rulings until September 1950, and during this period he paid taxes on all his sales, irrespective of to whom the sales were made. He did not pass these taxes on to his customers for the reason that this was contrary to the practice in the trade. In September 1950 appellee obtained the services of a new accountant who, having received a ruling dated November 12, 1948, was familiar with the Commissioner's interpretation. So on November 21, 1950 appellee filed his claim for refund. Thereafter he received a ruling dated the following day, November 22, 1950, reaffirming the position that only sales to dealers were taxable under Section 3403(c). However, nineteen months later, on June 27, 1952, the Treasury Department informed taxpayer that it had changed its position, and his claim for refund was rejected. This rejection foreshadowed the ruling embodied in S.T. 944, 1952–2 Cum.Bull. 255, effective August 18, 1952 wherein the Commissioner then held that all sales of seat covers, whether made to dealers or to retail customers, came within Section 3403(c). This new interpretation contained in S.T. 944 was not to be retroactively applied except to deny claims for refund, and then only if the claimant could not demonstrate reliance upon prior rulings.

We confess to some difficulty in understanding this last provision of S.T. 944. As a matter of logic it appears difficult to demonstrate reliance upon a ruling that one need not pay taxes when one is seeking to recover taxes he paid. This is precisely the situation taxpayer finds himself in. Additionally, there is clear testimony in the record establishing that appellee did not become aware of any of the prior rulings until sometime in September, or later, in 1950. We conclude that appellee is unable to demonstrate reliance upon prior rulings. To prevail, therefore, he must show cause why S.T. 944 should not be enforced according to its terms.

We find no error in the construction placed upon Section 3403(c) by the Treasury Department in S.T. 944. This construction has been upheld by the Fourth and Fifth Circuits in two recent cases: United States v. Keeton, 4 Cir., 1956, 238 F.2d 878, certiorari denied 353 U.S. 973, 77 S.Ct. 1056, 1 L.Ed.2d 1135;

Campbell v. Brown, 5 Cir., 1957, 245 F.2d 662. Indeed, appellee does not question the propriety of the ruling to the extent that it applies prospectively. Appellee only argues that the earlier rulings prevent the Commissioner from now asserting this correct interpretation of the law in resisting appellee's particular action for this particular refund.

■■ It is well settled that the Commissioner is permitted under Section 3791(b) of the 1939 Code, 26 U.S.C.A. § 3791(b), to nullify a prior ruling, based upon a mistake of law, by means of a new ruling having retroactive application. See Automobile Club of Michigan v. Commissioner, 1957, 353 U.S. 180, 184, 77 S.Ct. 707, 1 L.Ed.2d 746, rehearing denied 353 U.S. 989, 77 S. Ct. 1279, 1 L.Ed.2d 1147. Thus the issue in this case is whether the Commissioner abused his discretion, a conclusion not lightly to be inferred. Lesavoy Foundation v. Commissioner, 3 Cir., 1956, 238 F.2d 589 is the only case we have discovered that holds that the Commissioner had abused his discretion in applying a ruling retroactively.[1] There in a 1951 ruling the Commissioner sought to reverse, retroactive to 1946, a 1945 ruling that taxpayer was exempt as a charity. The Third Circuit was strongly influenced in finding an abuse of discretion by the fact that retroactive application would wipe out the assets of the foundation and thus terminate its philanthropic activities. Such factors do not appear in the present case. Furthermore, as we have discussed above, appellee cannot be said to have relied to his detriment upon prior rulings. Nor do

we find that the Commissioner indulged in an arbitrary distinction by limiting S. T. 944's retroactive effect to actions for refund. Aran v. United States, 9 Cir., 1958, 259 F.2d 757 certiorari denied 358 U.S. 866, 79 S.Ct. 100, 3 L.Ed.2d 100, while not directly in point, is instructive. There taxpayer, the manufacturer of a bottle warmer for use in automobiles, who had paid taxes for five years under Section 3403(c), obtained a ruling that sale of these articles was not within that Section. He promptly filed a claim for refund. Ten months later he received a second ruling repudiating the first. Thereafter his claim was disallowed. The Ninth Circuit had no difficulty in sustaining the Commissioner.

We conclude that there has been no abuse of discretion in the present case.

■■ Although my colleagues and I are in complete agreement with respect to the foregoing discussion and the result there reached, my colleagues are of the opinion that the judgment below should be reversed on a quite different ground, a ground that would not have required this discussion. They believe that, on the authority of Hammond-Knowlton v. United States, 2 Cir., 1941, 121 F.2d 192, certiorari denied 314 U.S. 694, 62 S. Ct. 410, 86 L.Ed. 555, and predecessor cases cited in that opinion, taxpayer never timely subjected the United States to the jurisdiction of the district court. Hence they hold that judgment should have been entered below dismissing the complaint. As previously stated, the notice of disallowance was sent June 27, 1952. Plaintiff's suit was filed February 11, 1953, the only named defendant being

---

1. The Commissioner's power to retroactively correct earlier rulings would appear to be severely limited when formerly approved pension plans are the subject of later disapproving rulings. See H. S. D. Co. v. Kavanagh, 6 Cir., 1951, 191 F.2d 831, 843–846; Time Oil Co. v. Commissioner, 9 Cir., 1958, 258 F.2d 237. These cases appear to say that the Commissioner has attempted an improper correction of a mistaken inference of fact as opposed to a proper correction of a mistake of law. See Automobile Club of Michigan v. Commissioner, 1957, 353 U.S. 180, 184, 77 S.Ct. 707, 1 L.Ed.2d 746, rehearing denied 353 U.S. 989, 77 S.Ct. 1279, 1 L.Ed.2d 1147. Inasmuch as taxpayers undertake extensive activities in reliance upon the Commissioner's rulings approving a pension plan it would seem preferable to regard these cases as involving an abuse of discretion, but see Automobile Club of Michigan v. Commissioner, supra, where the Supreme Court holds that the doctrine of equitable estoppel does not apply to the Commissioner.

one Henry L. Hoffman, the then Collector of Internal Revenue. Hoffman was not the District Director of Internal Revenue for the First District of New York when the taxes here involved were paid, or when taxpayer's claim for refund was filed. A government motion to dismiss the complaint was denied, Wolinsky v. Hoffman, D.C.E.D.N.Y.1954, 119 F.Supp. 286, on February 23, 1954, and a government motion for summary judgment filed after June 27, 1954 was also denied, as were other similar government motions based upon the proposition that plaintiff had sued the "wrong collector."[2] On November 9, 1955 taxpayer was granted leave to amend his complaint by adding the United States as an additional party defendant, and the complaint was so amended on November 23, 1955. Again the Government moved to dismiss, and again the motion was denied. My colleagues hold that this November 9, 1955 grant of leave to amend conferred no jurisdiction over the United States because not granted within two years after the disallowance of the claim for refund, as required by Section 3772(a) (2) of the 1939 Internal Revenue Code, 26 U.S.C.A. § 3772(a) (2). They believe that notwithstanding the harshness of the rule—as pointed out by Judge Frank in the Hammond-Knowlton case—it is too firmly settled to be changed except by Congress, which to date has shown only a disposition to act in the strictly limited area of res judicata. Act of Oct. 21, 1942, 56 Stat. 956, I.R.C.1939, § 3772(d), I.R.C.1954, § 7422(c), 26 U. S.C.A. § 7422(c). See also United States v. Nunnally Inv. Co., 1942, 316 U.S. 258, 62 S.Ct. 1064, 86 L.Ed. 1455, 140 A.L.R. 792; Wallace v. United States, 2 Cir., 1944, 142 F.2d 240, 243, n. 7, certiorari denied 1944, 323 U.S. 712, 65 S.Ct. 37, 89 L.Ed. 573; Buhl v. Menninger, 6 Cir., 1958, 251 F.2d 659; Lichter Foun-

dation, Inc. v. Welch, 6 Cir., 1959, 269 F. 2d 142; and compare Columbia Research Corp. v. Schaffer, 2 Cir., 1958, 256 F.2d 677, and Vibra Brush Corp. v. Schaffer, 2 Cir., 1958, 256 F.2d 681.

I believe there was jurisdiction. I would hold that when a taxpayer brings an action for refund against an individual Collector of Internal Revenue he then has brought his action against the United States in every meaningful sense. Joining the United States as a named defendant here did not bring a new party within the jurisdiction of the district court. The Government was for all intents and purposes a party from the inception of the action against Hoffman, the nominal defendant. Hence the two-year bar is inapplicable. Taxes are paid to the Collector only because this individual is the designated officer of the Government to receive the taxes, and the taxpayer knows the Collector is but a conduit through which the sums so collected reach the Treasury of the United States. Hence, under normal circumstances, the statute, 28 U.S.C.A. § 2006, provides that any judgment entered against a collector is to be paid out of the Treasury. The doctrine that an action against the Collector did not involve the Government was a fiction created by the courts in order to overcome the principle of sovereign immunity. However, as early as 1887 legislation existed which was construed to permit actions for tax refund to be brought directly against the Government. See discussion in Flora v. United States, 1958, 357 U.S. 63, 66-70, 78 S.Ct. 1079, 2 L.Ed.2d 1165, rehearing granted 360 U.S. 922, 79 S.Ct. 1430, 3 L.Ed.2d 1538. Thereafter the fiction remained alive for two reasons. First, until 1954 no action could be brought against the Government for a tax refund if the refund sought exceeded $10,000. Second, in refund actions against the

2. It is clearly established that an action for tax refund cannot be maintained against a successor in office to the collector to whom the taxes were paid. Smietanka v. Indiana Steel Co., 1921, 257 U.S. 1, 42 S.Ct. 1, 66 L.Ed. 99; Buhl v. Menninger, 6 Cir., 1958, 251 F.2d 659.

It does not appear that appellee made any attempt to substitute as defendant the collector to whom the taxes concededly were paid, Joseph P. Marcelle. The court below did not enter judgment against Henry L. Hoffman, and he is not presently in the case.

870

Government plaintiff was not entitled to jury trial though so entitled if suit were against a Collector. By the Act of July 30, 1954, 68 Stat. 589, 28 U.S.C.A. §§ 1346(a) (1), 2402, Congress removed both these restrictions on direct actions brought against the Government. There would appear now to be no reason for the preservation of the fiction.

I differ from my colleagues in their interpretation of Hammond-Knowlton v. United States, supra. I believe that a careful reading of that opinion, particularly at pages 194–201, will reveal that this court there vigorously rejected exactly the argument which the Government has advanced in the present case and which my colleagues here accept.[3] For an interpretation similar to mine, see Dell v. American Export Lines, D.C.S.D. N.Y.1956, 142 F.Supp. 511, 513–514.

The judgment below is reversed.

---

**3.** United States v. Nunnally Inv. Co., 1942, 316 U.S. 258, 62 S.Ct. 1064, 86 L.Ed. 1455 cannot be said to weaken the authority of Hammond-Knowlton in view of the fact that Congress almost immedi-ately repudiated the holding in the Nunnally case. Act of October 21, 1942, 56 Stat. 956, I.R.C.1939, § 3772(d), I.R.C. 1954, § 7422(c).