Bernard **HOFFMAN** and Pearl **Hoffman**

v.

Irving **MACHIZ, District Director of Internal Revenue.**

Civ. No. 12324.

United States District Court
D. Maryland.

Dec. 13, 1960.

Marvin I. Singer, Baltimore, Md., for plaintiffs.

Leon H. A. Pierson, U. S. Atty., and John R. Hargrove, Asst. U. S. Atty., Baltimore, Md., and Joel N. Simon, Atty., Department of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., James P. Garland, Lyle M. Turner, and Jerome S. Hertz, Attorneys, Department of Justice, Washington, D. C., on brief), for defendant.

THOMSEN, Chief Judge.

Defendant's motion for summary judgment seeks dismissal of this action for return of alleged overpayment of income taxes for the years 1953 and 1954 because (1) taxpayers made the alleged overpayment not to defendant but to the District Director of Internal Revenue for the District of Tennessee, and (2) the instant suit was not commenced within the limitation period specified in sec. 3772(a) of the 1939 Code, 26 U.S.C.A. § 3772(a) and sec. 6532(a) of the 1954 Code, 26 U.S.C.A. § 6532(a). The controlling facts are not disputed.

Plaintiffs were when this suit was filed and are now citizens and residents of Pennsylvania. In 1953 and 1954 they resided in Tennessee; they filed timely income tax returns for those years and paid the taxes shown thereby to James M. Rountree, District Director of Internal Revenue for the District of Tennessee. On January 10, 1957, they filed claims for refund for both years with that district director, and on December 13, 1957, he sent to taxpayers by registered mail a statutory notice of disallowance of their claim for the year 1954. It is disputed whether he sent such a notice for the year 1953. On January 6, 1959, taxpayers requested that the files with respect to their claims for refund be transferred to the Maryland District, where their counsel has his office. The transfer was effected on February 9, 1959, and on August 21, 1959, defendant, the District Director of Internal Revenue for the District of Maryland, sent to taxpayers by registered mail, a statutory notice [1] of disallowance of the same claims for refund which had been disallowed earlier by the District Director for the District of Tennessee. On July 15, 1960, taxpayers filed this suit in this court.

1. It has been consistently held that a suit against a district director for refund of taxes is a personal action and must be brought against the district director to whom the taxes sought to be recovered were actually paid. Smietanka v. Indiana Steel Company, 257 U.S. 1, 42 S.Ct. 1, 66 L.Ed. 99; Buhl v. Menninger, 6 Cir., 251 F. 2d 659; Stewart v. Fox, D.Md., 176 F.Supp. 357. See also Moore Ice Cream Co. v. Rose, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265; United States v. Kales, 314

---

[1]. Admittedly a second notice for the year 1954, and a first or a second notice for the year 1953.

U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132; United States v. Nunnally Investment Co., 316 U.S. 258, 62 S.Ct. 1064, 86 L.Ed. 1455; Flora v. United States, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623, rehearing denied 362 U.S. 972, 80 S.Ct. 953, 4 L.Ed.2d 902; Lichter Foundation, Inc. v. Welch, 6 Cir., 269 F.2d 142; United States v. Mohr, 4 Cir., 274 F.2d 803. The fact that defendant director mailed a notice of disallowance is immaterial. Even if, as Judge Waterman suggested in Wolinsky v. United States, 2 Cir., 271 F.2d 865, at page 869, this action might be considered an action against the United States, it would have to be dismissed because of improper venue. 28 U.S.C.A. § 1396. An action against the United States could have been filed in a proper district.

2. It is unnecessary to pass on the issue of limitations.

The complaint is hereby dismissed, with costs, but without prejudice.