Earl R. FRENCH, Plaintiff,

v.

UNITED STATES of America and Thomas E. Scanlon, Director of Internal Revenue, First District of New York, Defendants.

Civ. A. No. 20005.

United States District Court
E. D. New York.

Jan. 28, 1960.

Julius Zizmor, New York City, for plaintiff.

Cornelius W. Wickersham, Jr., U. S. Atty. for Eastern Dist. of New York, Brooklyn, N. Y., for defendants, by Irving L. Innerfield, Asst. U. S. Atty., New York City, and Lee L. Phillips, Atty., Dept. of Justice, Washington, D. C., of counsel.

BYERS, District Judge.

Two motions are before the court in this case, the first being by the plaintiff for summary judgment, and the second, to dismiss the second defense pleaded in the answer.

The action is for a refund of $5,962.60 levied against the plaintiff as President of Noring Machine Corporation, a bankrupt. The basis of the penalty assessment was the alleged failure of the corporation to withhold income and Social Security taxes during the second, third and fourth quarters of 1953 and the first quarter of 1954. The corporation became a bankrupt on February 4, 1954, and the purpose of the assessment was to hold this plaintiff personally liable for the sums which it is alleged should have been withheld.

It was stated on the argument that this case does not involve actual withholdings which were applied to the corporate purposes illegally, but that it is the failure to withhold at all which was thus sought to be visited upon the plaintiff.

The plaintiff relies upon the decisions in Levy v. United States, D.C., 140 F. Supp. 834, and United States v. Fago, D. C., 162 F.Supp. 125, which are to the effect that where the evidence does not

disclose that there was a wilful failure to pay, collect, or truthfully account for such funds (26 U.S.C. § 2707), the plaintiff was not liable for the amount of the penalty assessments.

The argument is that while he was a corporate officer, namely, president, his status was purely nominal, and that he was not actually employed by the corporation and drew no salary or other compensation, being engaged in an unrelated enterprise. That he did not hire or fire employees, or have anything to do with their payment, nor had he any connection with the payroll matters of the bankrupt.

He asserts that the foregoing facts are known to the Internal Revenue Service, and have not been denied by any opposing affidavit on this motion.

■ If the facts indeed are as the plaintiff alleges them to be, it would seem that he has a meritorious cause of action, but this does not justify the court in granting a motion for summary judgment, since the question of intent must be decided in light of all of the evidence that can be brought to bear on the subject.

The following cases seem to require that the issue be permitted to go to trial: Colby v. Klune, 2 Cir., 178 F.2d 872; Subin v. Goldsmith, 2 Cir., 224 F.2d 753; Sarkes Tarzian, Inc. v. United States, 7 Cir., 240 F.2d 467.

Motion for summary judgment is denied.

■ The second motion is addressed to the second defense which is in the following form:

"Defendant respectfully asks that either party defendant be dropped, and the plaintiff be required to elect the defendant against whom he desires to proceed."

The foregoing applies to the defendant United States of America.

Why this should be called a defense has not been disclosed on oral argument or otherwise.

In this connection, the technical attitude assumed by the Government in such matters has been clearly commented upon in an opinion by Judge Waterman in the case of Wolinsky v. United States, 2 Cir., 271 F.2d 865, at page 869:

"I believe there was jurisdiction. I would hold that when a taxpayer brings an action for refund against an individual Collector of Internal Revenue he then has brought his action against the United States in every meaningful sense. Joining the United States as a named defendant here did not bring a new party within the jurisdiction of the district court. The Government was for all intents and purposes a party from the inception of the action against Hoffman, the nominal defendant. Hence the two-year bar is inapplicable. Taxes are paid to the Collector only because this individual is the designated officer of the Government to receive the taxes, and the taxpayer knows the Collector is but a conduit through which the sums so collected reach the Treasury of the United States. Hence, under normal circumstances, the statute, 28 U.S.C.A. § 2006, provides that any judgment entered against a collector is to be paid out of the Treasury. The doctrine that an action against the Collector did not involve the Government was a fiction created by the courts in order to overcome the principle of sovereign immunity. However, as early as 1887 legislation existed which was construed to permit actions for tax refund to be brought directly against the Government. See discussion in Flora v. United States, 1958, 357 U.S. 63, 66–70, 78 S.Ct. 1079, 2 L.Ed.2d 1165, rehearing granted 360 U.S. 922, 79 S.Ct. 1430, 3 L.Ed.2d 1538. Thereafter the fiction remained alive for two reasons. First, until 1954 no action could be brought against the Government for a tax refund if the refund sought exceeded $10,000. Second, in refund actions against the Government plaintiff was not entitled to jury trial though so en-

titled if suit were against a Collector. By the Act of July 30, 1954, 68 Stat. 589, 28 U.S.C.A. §§ 1346(a) (1), 2402, Congress removed both these restrictions on direct actions brought against the Government. There would appear now to be no reason for the preservation of the fiction."

While the above quotation appears in that part of the opinion which does not represent the unanimous views of the court, it contains so convincing an exposition of the unmeritorious attitude of the Government in such matters, that the quotation is deemed to be helpful, and the plaintiff's motion to strike the so-called defense is granted. Settle order.