UNITED STATES of America, Plaintiff,

v.

Leon A. ABRAHAMS et al., Defendants.

No. 68 Civ. 1781(MP).

United States District Court, S. D. New York.

May 20, 1970.

Whitney, North Seymour, Jr., U. S. Atty. for Southern District of New York, by Brian J. Gallagher, New York City, of counsel, for plaintiff.

Blum, Haimoff, Gersen, Lipson & Szabad, New York City, for defendants; by Daniel Cohen, New York City, of counsel.

## DECISION AND OPINION

POLLACK, District Judge.

Racon Electric Co., Inc. (Racon hereafter) failed to pay over to the United States the withholding and social security taxes due on the salaries and wages of its employees from April 1, 1961 through March 31, 1963. The District Director of Internal Revenue was unable to collect these taxes and levied assessments therefor against two corporate officers of Racon, the defendants Allan and Leon Abrahams, pursuant to Sections 6671, 6672 and 7501 of the Internal Revenue Code of 1954 (26 U.S.C.) in the sum of $15,327.98.

The basis for the assessments was that the said defendants were the persons responsible "to collect, truthfully account for, and pay over" the taxes in question and that they had "willfully" failed to discharge these duties. *Id.*

This lawsuit seeks to reduce the assessments to judgment and to enforce that judgment against the assets of Leon Abrahams which he transferred to his wife, the defendant Hulda Abrahams, without consideration. The assessments were made on May 4 and September 20, 1962. The transfer of assets complained of occurred on or about December 3 and 5, 1963 and rendered the transferor insolvent.

Jurisdiction of this cause exists under Title 28 U.S.C. §§ 1340 and 1345.

■ Under the Internal Revenue Code of 1954 (26 U.S.C.) employers are required to deduct federal income and social security taxes from the salaries and wages paid to their employees (Sections 3102, 3402). Each time an employer meets a payroll, it is presumed to have withheld the required funds. Neale v. United States, 64–1 CCH U.S. T.C. ¶ 9492 (D.C.Kan.1964). The amounts withheld are trust funds and must be treated as such (Section 7501). Such moneys, of course, must be turned over to the United States on a regular basis. Reg. § 31.6011(a)–4, 31.6071(a)–1.

To enforce these requirements and ensure the collection of the withholding and social security taxes, the Internal Revenue Code provides that any person responsible for the withholding and payment of these taxes who wilfully fails to collect, truthfully account for and pay over these taxes is liable for a "penalty" in the amount of the unpaid taxes (Section 6672). A responsible person is an officer or employee of the corporate employer who is under the obligation to see to these duties (Section 6671). While the tax assessed over is called a "penalty," it is actually nothing more than a method of transferring an uncollectible corporate tax liability to the person responsible for the delinquency. Dillard v. Patterson, 326 F.2d 302 (5th Cir. 1963); In re Serignese, 214 F.Supp. 917 (D. Conn.1963), aff'd per curiam *sub nom*, Goring v. United States, 330 F.2d 960 (2d Cir. 1964); Speigel v. United States, 64–2 CCH U.S.T.C. ¶ 9655 (N. D.Ga.1965).

The amount of taxes unpaid and assessed against the corporate officers of Racon is derived as follows:

| Taxable Period | Date of Assessment | Amount of Assessment | Unpaid Balance * |
|---|---|---|---|
| 2d Quarter 1961 | 5/4/62 | $3,465.67 | $ 3,411.77 |
| 3d Quarter 1961 | 5/4/62 | $4,637.38 | $ 4,637.38 |
| 3d and 4th Quarters, 1961, 1st Quarter 1962 | 9/20/62 | $7,278.83 | $ 7,278.83 |
| | | | $15,327.98 |

*Plus interest from the date of assessment.

———◆———

■ In any tax case, the assessment, once established, is *prima facie* evidence of the liability. United States v. Rindskopf, 105 U.S. 418, 26 L.Ed. 1131 (1882); United States v. Lease, 346 F. 2d 696 (2d Cir. 1965); Lesser v. United States, 368 F.2d 306 (2d Cir. 1966).

■■ The taxpayer, whether plaintiff or defendant, must shoulder the burden of overcoming the presumption of correctness and going forward with the evidence. United States v. Lease, *supra*; Lesser v. United States, *supra*. The Government's burden is initially discharged by showing that the assessments have been made and are unpaid *Id.* In this case these facts have been conceded.

■ It is the taxpayer's task to establish that he was either not a responsible "person" or that if he was, his failure to "collect, truthfully account for, [or] pay over" the trust fund taxes was not "willful".

■ It is well settled that the persons who possess the ultimate authority over a corporation, who make the final decisions and who determine which creditors are to be paid and the order of their payment are the persons responsible for the segregation and the timely payment of the trust fund taxes. Elan v. United

States, 326 F.2d 356 (7th Cir. 1964); United States v. Graham, 309 F.2d 210 (9th Cir. 1962); Bloom v. United States, 272 F.2d 215 (9th Cir. 1959), cert. denied, 363 U.S. 803, 80 S.Ct. 1236, 4 L.Ed.2d 1146 (1960).

 By definition, a corporation can act only through its officers, directors and employees. Every corporate employer must, therefore, have at least one responsible officer, Speigel v. United States, *supra*. There can, of course, be more than one responsible person and in such a case liability is joint and several. Kolberg v. United States, 64–2 CCH U. S.T.C. ¶ 9523 (D.Ariz.1964). A responsible officer cannot avoid his duties by delegating them to a ministerial employee, Kolberg v. United States, *supra*; Cumberlander v. United States, 66–1 CCH U.S.T.C. ¶ 9348 (S.C.Ill.1961), and such a purported delegation is a nullity. *Id.*

The defendant Leon Abrahams has established by a fair preponderance of the credible evidence that he had no voice in the financial affairs of Racon.

Leon Abrahams was merely a ministerial employee of Racon and consequently, was not a person responsible for the collection and payment of withholding and social security taxes within the meaning of the Code. He did not "willfully" fail to collect, truthfully account for or pay over the trust fund portion of the tax due on the salaries and wages of employees of Racon within the meaning of Section 6672 of the Internal Revenue Code of 1954 (26 U.S.C.).

The defendant Allan Abrahams was the sole person in full charge and control of the affairs of Racon. He was a person required to collect, truthfully account for or pay over the social security and withholding taxes due on the salaries or wages of the employees of Racon. At the opening of the trial, Allan Abrahams by his counsel consented to judgment against him and, in effect, conceded his liability for the taxes in question.

Accordingly, the Court concludes that Leon Abrahams and his wife, as the transferee of his assets, are not liable herein and the complaint as to them is dismissed, with costs.

The plaintiff United States of America shall have judgment herein in its favor against the defendant Allan Abrahams in the amount of $15,327.98 together with interest to the date of this decision amounting to $6,773.59, making a total of $22,101.57, with costs.

So ordered.