**UNITED STATES of America,
Plaintiff,**

v.

**Lester C. PRIDGEN and Marjorie
H. Pridgen, Defendants.**

**No. 69 Civ. 1353 DNE.**

United States District Court,
S. D. New York.

Nov. 24, 1975.

**1110**

Lester C. Pridgen, Marjorie H. Pridgen, pro se.

Paul J. Curran, U. S. Atty., S.D.N.Y., for plaintiff.

## MEMORANDUM

EDELSTEIN, Chief Judge:

Plaintiff, United States of America, on behalf of the Internal Revenue Service, has commenced an action to reduce to judgment certain tax assessments made against defendants Lester and Marjorie Pridgen upon the alleged failure of defendants' corporation to pay over to the government taxes withheld totalling $3,278.01. This memorandum arises upon plaintiff's motion for summary judgment against defendant Lester Pridgen and *pro se* defendants' cross-motions for summary judgment against plaintiff. The motions are denied.

Plaintiff's action is based upon section 6672 of the Internal Revenue Code of 1954. That section provides in pertinent part that:

> Any person required to collect, truthfully account for, and pay over any tax . . . who willfully fails to collect such tax, or truthfully account for and pay over such tax . . . shall . . . be liable to a penalty equal to the total amount of the tax . . . not collected, or not accounted for and paid over.

26 U.S.C. § 6672 (1970).

The sanction imposed by section 6672, although denominated a penalty, is merely a tax collection device; it is a means of assuring payment of withholding taxes by shifting the responsibility for payment from the corporation to the corporate official responsible for any non-payment. *Botta v. Scanlon,* 314 F.2d 392 (2d Cir. 1963); *United States v. Abrahams,* 312 F.Supp. 1035 (S.D.N.-Y.1970).

In order to invoke liability under this section, two elements must be proved. First, the corporate officer in question must have been a responsible person within the meaning of the statute. Second, the failure to pay over taxes withheld must have been a willful act of preferring other creditors over the government. *See, e. g., United States v. Abrahams, supra.*

In considering plaintiff's motion for summary judgment, this court "must resolve all ambiguities and draw all reasonable. inferences in favor of the party against whom summary judgment is sought." *Heyman v. Commerce & Industry Insurance Co.*, 524 F.2d 1317, at 1320 (2d Cir., 1975). Moreover, the burden of demonstrating that there are no material factual issues genuinely in dispute is on the movant. *Id.*

Under these guidelines, and especially when giving defendant Lester Pridgen's papers the broad reading to which as a *pro se* he is entitled, *see Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed. 2d 652 (1972); *Milburn v. Blackfrica Promotions, Inc.*, 392 F.Supp. 434 (S.D.N.Y.1974), this court cannot state that there are no material factual issues genuinely in dispute.

The parties do not dispute whether Mr. Pridgen was a "responsible person", and no issue remains with respect to that first statutory element. The second statutory element is willfulness. A determination with respect to that element turns upon the state of mind of the "responsible person", and that material issue is not sufficiently resolved by the papers. In addition, although questions regarding statutes of limitations are often characterized as questions of law, the parties in this case dispute the time at which the event which triggered the running of the limitations period occurred. The parties will have an opportunity to present further evidence regarding the willfulness of Mr. Pridgen and the timeliness of the plaintiff's suit at trial.

Plaintiff recognizes that summary judgment is rarely appropriate in a taxpayer suit of this kind, *Iraci v. Scanlon*, 219 F.Supp. 796 (E.D.N.Y.1963); *French v. United States*, 180 F.Supp. 773 (E.D.N.Y.1960), and this case is not an exception to that general rule. Plaintiff's motion is denied. Defendants' cross-motions for summary judgment are similarly denied.