In re George Berry DICKEY, Debtor.

George Berry DICKEY, Plaintiff,

v.

The UNITED STATES of America (Internal Revenue Service), Defendant.

Bankruptcy No. 80–20236.

Adv. No. 80–0123.

United States Bankruptcy Court,
W. D. Tennessee,
Western Division.

Sept. 4, 1980.

George E. Whitworth, Memphis, Tenn., for plaintiff.

Michael C. Speros, and Robert M. Williams, Jr., Memphis, Tenn., for defendant.

## MEMORANDUM OPINION

WILLIAM B. LEFFLER, Chief Judge.

### I

This cause came on to be heard upon a "Complaint To Determine The Dischargeability Of A Debt", filed by the plaintiff, George Berry Dickey, pursuant to § 523 of the Bankruptcy Code. On January 25, 1980, the plaintiff filed a Voluntary Chapter 7 Petition with this Court. On the schedules filed with said petition the plaintiff listed a priority unsecured debt owing to the defendant, the United States of America (Internal Revenue Service), in the amount of $133,894.57. The plaintiff alleges that this debt represents a "100% penalty" for "withholding taxes assessed to George B. Dickey", arising out of the plaintiff's prior association with White Electric Co., Inc. The plaintiff, formerly the president of this corporation, contends that the debt in question is dischargeable under § 523(a)(7) of the Bankruptcy Code as a tax penalty arising more than three years before the date of the filing of said plaintiff's Chapter 7 petition.

The defendant points out that the plaintiff's liability is based on § 6672 of the Internal Revenue Code (I.R.C.). Citing the decision of the U. S. Supreme Court in *U. S. v. Sotelo*, 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978), the defendant contends that the plaintiff's liability under I.R.C. § 6672 is not one based on a tax penalty, but rather represents a transfer of tax liability from White Electric Co., Inc., to the plaintiff as a corporate officer responsible for the collection, accounting and payment of federal withholding taxes who willfully failed to pay said taxes over to the government. Therefore, the defendant contends

that the debt in question is nondischargeable under § 523(a)(1)(A).

## II

The Court is of the opinion that the plaintiff's liability as a "responsible officer" under I.R.C. § 6672 has been established by the proof. The remaining issue before the Court is the question of the dischargeability of said indebtedness.

## III

The defendant relies upon the following provisions of the Bankruptcy Code:

"§ 523. Exceptions to discharge.

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt . . .

(1) for a tax or a customs duty . . .

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(6) of this title. . . ."

"§ 507. Priorities.

(a) The following expenses and claims have priority in the following order:

(6) Sixth, allowed unsecured claims of governmental units, to the extent that such claims are for . . .

(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity. . . ."

The provision of the Bankruptcy Code relied upon by the plaintiff reads as follows:

"§ 523. Exceptions to discharge.

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt. . .

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty. . .

(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition. . . ."

The applicability of § 523(a)(7) to the instant case is dependent upon whether or not the plaintiff's liability is one for a tax penalty. As noted previously, the plaintiff's liability is predicated on § 6672 of the Internal Revenue Code which reads as follows:

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."

A literal reading of I.R.C. § 6672 would lead one to believe that the plaintiff's liability is based upon a tax penalty. However, the U. S. Supreme Court in the *Sotelo*, supra, held differently. *Sotelo*, involved an objection to discharge under § 17 of the Bankruptcy Act, the statutory predecessor to § 523 of the Bankruptcy Code. The debtors' liability in *Sotelo*, was also based upon I.R.C. § 6672. In regards to the "penalty" language of I.R.C. § 6672 the Court in *Sotelo* stated:

"That the funds due are referred to as a penalty when the Government later seeks to recover then does not alter their essential character as taxes for purposes of the Bankruptcy Act, at least in a case in which, as here, § 6672 liability is predicated on a failure to pay over, rather than a failure initially to collect, the taxes." 436 U.S. at 275, 98 S.Ct. at 1800.

In the instant case the plaintiff's liability is apparently based upon his failure to pay over federal withholding taxes to the Government, therefore, in light of *Sotelo* the plaintiff's liability under I.R.C. § 6672 is not one for a tax penalty but rather is based upon his personal liability for withholding taxes not paid over to the Government consistent with said plaintiff's duty as president of White Electric Co., Inc. Under

these circumstances, the Court must hold that § 523(a)(7) of the Bankruptcy Code is inapplicable to the instant case.

IV

This determination leads the Court to the defendant's contention of non-dischargeability under § 523(a)(1)(A) of the Bankruptcy Code § 523(a)(1)(A) makes non-dischargeable debts for taxes of the kind specified in § 507(a)(2) and (a)(6) the Code. § 507(a)(6)(C) lists taxes required "to be collected or withheld and for which the debtor is liable in whatever capacity." The following comments from 3 *Collier on Bankruptcy* Par. 523.06, at page 523–22 (15th ed., 1979) are relevant to these provisions of the Bankruptcy Code:

> "This category of taxes excepted from discharge include taxes which the debtor is required by law to withhold or collect from others and for which he is liable in any capacity, regardless of the age of the tax returns. This covers the so-called 'trust fund' taxes, i. e., income taxes which an employer is required to withhold from the pay of employees as well as the employer's share of social security taxes. *In addition, this category includes the liability of a responsible officer under the Internal Revenue Code (sec. 6672) for income taxes or for the employee's share of social security taxes which that officer was responsible for withholding from the wages of employees and paying to the Treasury, although he was not himself the employer. This priority will operate when a person found to be a responsible officer has himself filed in title 11, and the priority will cover the debtor's responsible officer liability regardless of the age of the tax years to which the tax relates.*" (Emphasis added.)

Thus, it is clear that § 523(a)(1)(A) is directly applicable to the instant case. The plaintiff asserts, nonetheless, that a determination of non-dischargeability under the aforesaid section would defeat the overall policy of the Bankruptcy Code to give a debtor a fresh financial start. However, as noted by the Court in *Sotelo*, we are not here concerned with the entire policy of the Bankruptcy laws. The question is what Congress intended under § 523(a)(1)(A) of the Bankruptcy Code. It is this Court's opinion that Congress intended to make debts such as the one in question non-dischargeable.

The Court must, therefore, accept the defendant's position in this matter and hold that the indebtedness in question is non-dischargeable under § 523(a)(1)(A) of the Bankruptcy Code.