**In re James Francis COLEMAN a/k/a James F. Coleman, Debtor.**

**James Francis COLEMAN, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

Bankruptcy No. 81–40599.
Adv. No. 82–0029.

United States Bankruptcy Court, D. Kansas.

April 16, 1982.

Eileen Hiney, McDowell, Rice & Smith, Kansas City, Kan., for debtor.

Glenn R. Dawson, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., Karen M. Humphreys, Asst. U. S. Atty., Topeka, Kan., for I. R. S.

Lloyd C. Swartz, Topeka, Kan., Trustee.

## ORDER

JAMES A. PUSATERI, Bankruptcy Judge.

The debtor filed a voluntary chapter 7 petition on August 10, 1981. The Internal Revenue Service (IRS) has a claim against the debtor for 100% penalty on corporate withholding taxes in the amount of $107,-994.64. The penalty was assessed under 26 U.S.C. § 6672. On January 28, 1982 the debtor filed a complaint to determine the dischargeability of the 100% penalty debt owed to the IRS and on March 1, 1982 the IRS moved for a dismissal of the debtor's complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Both parties have briefed the issue.

The Internal Revenue Code, 26 U.S.C. § 6672(a), states:

*Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for any pay over such tax, or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.*

The purpose of § 6672 is to provide the government with a method of collecting from an employer, or officer of the corporate employer, those taxes which the employer withheld and should have paid over to the IRS. See, e.g., *Emshwiller v. United States*, 565 F.2d 1042 (8th Cir. 1977); *Sherman v. United States*, 490 F.Supp. 747, 753 (E.D.Mich.1980); Annot., 22 A.L.R.3d 8, 45 (1968). Though called a penalty, the courts have universally characterized the debt as a tax, and not a penalty. See, e.g., *United States v. Pridgen*, 403 F.Supp. 1109, 1110 (S.D.N.Y.1975); 22 A.L.R.3d *supra*, at § 10[c]. The United States Supreme Court characterized a debt owed under § 6672 as a tax in *United States v. Sotelo*, 436 U.S. 268, 275, 98 S.Ct. 1795, 1800, 56 L.Ed.2d 275 (1978).

The Bankruptcy Code provides in § 523(a)(1) that priority taxes under § 507(a)(6) are not dischargeable. Section 507(a)(6) gives priority to governmental claims for,

*(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity . . . .*

This includes *taxes which an employer is required to withhold from the pay of his employees, . . . [and] the liability of a responsible corporate officer . . . .* S.Rep.No. 95–989, 95th Cong., 2nd Sess. 71 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5857, and is essentially the same non-dischargeable tax claim enumerated in § 17(a)(1)(e) of the Bankruptcy Act of 1898

under which the Supreme Court decided *United States v. Sotelo.*

Therefore, as a matter of law, under 26 U.S.C. § 6672(a), §§ 507(a)(6)(C), 523(a)(1) of 11 U.S.C., and *United States v. Sotelo,* there is no legal theory under which the debtor can seek a ruling that the debt owed to the IRS is dischargeable.

Furthermore, §§ 507(a)(6) and 523(a)(1) also make nondischargeable debts owed to the IRS for.,

> a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss.

11 U.S.C. § 507(a)(6)(G). Under this section, *liability of a responsible person under section 6672 of the Internal Revenue Code will be entitled to ... priority ...,* Cong. Rec. Sept. 28, 1978, H 11112–11113 (1978), and is nondischargeable. 11 U.S.C. § 523(a)(1). The House expressly approved the holding of *United States v. Sotelo* and its application to § 507(a)(6)(A). Cong.Rec. *supra,* at H 11113. For these reasons, the IRS' motion to dismiss is granted.

IT IS SO ORDERED.