Albert A. KAISER, Plaintiff,

v.

**DIALIST COMPANY OF TEXAS, Defendant.**

Civ. A. No. 83–393.

United States District Court, W.D. Pennsylvania.

Dec. 19, 1984.

Albert A. Kaiser, plaintiff, pro se.

W. Thomas Laffey, Jr., Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

MANSMANN, District Judge.

■ This action is before the Court on the Plaintiff's Motion for Summary Judgment and on two issues raised by the Defendant in both its Answer and the Pretrial Stipulation. The Plaintiff responded to both issues in his Motion. The matters raised by the Defendant can be construed as a Motion for Summary Judgment founded on arguments that the Court lacks jurisdiction and that the Plaintiff failed to state a claim upon which relief can be granted, and the Court so construes them now. In any event, where one party moves for summary judgment, the Court may enter judgment in favor of the non-moving party so long as the parties have had an opportunity to address the issues. For the reasons set forth below, the Defendant's Motion is denied with respect to the jurisdictional question and granted with respect to the failure to state a claim issue. The Plaintiff's Motion is, therefore, denied.

■ The Defendant claims that the Plaintiff has not met the $10,000 jurisdictional minimum which is required in diversity jurisdiction cases. 28 U.S.C. § 1332. The Court notes that the Plaintiff has alleged damages in excess of $10,000. The test to determine the existence of the jurisdictional minimum is the sum demanded by the Plaintiff in good faith. Accordingly, the Defendant's argument that this Court lacks jurisdiction because the Plaintiff

failed to meet the jurisdictional minimum is rejected.

■ The Defendant also contends that the Plaintiff has no private right of action under section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45. The FTCA does not provide such a private right of action. *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 987–1002 (D.C.Cir. 1973); *accord Pan American World Airways v. United States*, 371 U.S. 296, 306, 83 S.Ct. 476, 482, 9 L.Ed.2d 325 (1963) (*dictum*); *Federal Trade Comm'n v. Klesner*, 280 U.S. 19, 25, 50 S.Ct. 1, 2, 74 L.Ed. 138 (1929); *Polansky v. Trans World Airlines, Inc.*, 523 F.2d 332, 339 (3d Cir.1975). "A fair reading of the statute and its legislative history evinces a plain intent by Congress to make the administrative program for enforcing the Federal Trade Commission Act an exclusive one." *Holloway*, 485 F.2d at 1002. Consequently, the portion of the Defendant's summary judgment motion relating to failure to state a claim is granted.

■ The Court notes that the Plaintiff in the instant case is not represented by counsel. He is a *pro se* plaintiff. For this reason and because the Defendant did not submit a formal summary judgment motion, the Court construes the Plaintiff's pleadings liberally. The Court finds that the Plaintiff has stated a common law contract claim in his Complaint. That cause of action is not dismissed as a result of this opinion.

The Plaintiff's Motion for Summary Judgment, which addresses the two issues outlined above, is denied because the Court concludes that he has no private right of action.

An appropriate Order shall issue.