**In the Matter of Douglas Edward CLARK and Nancy Andrea Clark, Debtors.**

**Douglas Edward CLARK and Nancy Andrea Clark, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**Bankruptcy No. 85–1956.**
**Adv. No. 85–0342.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 5, 1986.

Kass, Hodges & Massari, Tampa, Fla., for plaintiffs.

George T. Rita, Dept. of Justice, Washington, D.C., for defendant.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Bankruptcy Judge.

The matter under consideration is the dischargeability vel non of an admitted liability for Federal taxes of Douglas E. Clark and Nancy A. Clark, the Debtors involved in the above-captioned Chapter 7 case. The taxes involved in this controversy are asserted by the United States Government Internal Revenue Service (IRS) against both Debtors and are based on 26 U.S.C. § 6672, which imposes one hundred percent penalty on the "responsible officer" who failed to collect and to pay over to the Government withholding taxes while operating a business and employed persons whose compensation were subject to withholding taxes.

On October 11, 1985, the Debtors filed their Complaint initially against the IRS;

however, the Complaint was later amended naming the United States of America as the Defendant. In their Complaint the Debtors sought a declaratory relief determining that their debt owed to the IRS based on the 100% assessment is a dischargeable debt by virtue of § 523(a)(1) of the Bankruptcy Code which generally discharges obligations based on unpaid taxes which became due and owing more than three years prior to the commencement of the case. The original claim asserted by the IRS was in the amount of $17,297.65. This total is composed of allegedly unpaid income taxes for the tax years 1978, 1981, and 1982 and in addition the 100% penalty asserted by 26 U.S.C. § 6672 in the amount of $5,706.52. The Motion is accompanied by an affidavit submitted by the Debtors which includes the copies of their tax returns for the tax periods in question which includes also a proof of payment by the Debtors on their 1040 return for the tax periods ending December 31, 1978; December 31, 1981; their 1040 return for the tax period ending December 31, 1982.

In due course the Debtors filed a Motion for Partial Summary Judgment. At the conclusion of the hearing on the Motion for Partial Summary Judgment this Court entered an order and granted the Motion and determined that the Debtors' liability for income tax is, in fact, dischargeable because they became due and owing more than three years prior to the commencement of the case. This left for consideration the dischargeability vel non of the Debtors' liability for unpaid payroll taxes based on the 100% assessment imposed by 26 U.S.C. § 6672 in the amount of $5,706.52. It is the contention of the Debtors that there are no genuine issues of material facts and they are entitled to the relief they seek as a matter of law, and because by virtue of § 523(a)(1)(A), (B) and § 523(a)(7), the liability asserted against them by the IRS is a nondischargeable debt.

In resolving the remaining question, it should be determined at the outset whether or not the liability asserted by the IRS in fact represents an unpaid tax thus governed by § 523(a)(1) and § 507 of the Bankruptcy Code or, in fact, they represented penalties which ordinarily would be dischargeable unless it is established that the penalty claimed is compensatory to make whole the IRS for actual monetary losses rather than a penalty imposed for the failure to comply with the requirements of the Internal Revenue Code.

Once the Court concludes and resolves this threshhold question that these are, in fact, taxes, this would lead to the ultimate question whether or not are these taxes barred by the three-year limitation which by virtue of § 523(a)(1)(B) and § 507(a)(7) would be protected by the general bankruptcy discharge.

The appropriate statutory provisions which govern this controversy are set forth in Internal Revenue Code 26 U.S.C. § 6672(a), which provides as follows:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over ...

It is now well established that this statutory provision of the Internal Revenue Code was designed by Congress to provide the IRS with a method of collecting from an employer or an officer of a corporate employer those taxes which the employer withheld and should have paid and turned over to the Internal Revenue Service. *In re Coleman,* 19 B.R. 529, 8 B.C.D. 1329 (Bankr.D.Kan.1982). It is without dispute and is conceded that the Debtor, Mr. Clark, was a responsible officer of Mobley Homes of Florida, Inc., within the meaning of 26 U.S.C. § 6672. However, it is the Debtor's contention that this provision of the Internal Revenue Code which imposes a penalty arose more than three years prior to the

filing of the bankruptcy petition and therefore is a dischargeable debt by virtue of § 523(a)(1)(A) and § 507(a)(7) of the Bankruptcy Code.

■ There is nothing in this record to establish that the Debtor, Nancy Andrea Clark, was a responsible officer, and at oral argument it is conceded that she was not; therefore, her liability for these payroll taxes are no longer in dispute and in question. In opposing the Motion for Summary Judgment filed by the Debtor and in support of the claim of nondischargeability, the IRS relies upon the following provisions of the Bankruptcy Code:

§ 523    Exceptions to Discharge

(a) A discharge under Section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in Section 507(a)(2) or 507(a)(6) (The reference in § 523(a) to § 507(a)(6) was changed through amendment by the Act of July 10, 1985, Pub.L. No. 98–353, which redesignated paragraph (6) of § 507(a) to paragraph (7).) of this title, whether or not a claim for such tax was filed or allowed …

§ 507    Priorities

(a) The following expenses and claims have priority in the following order:

(7) Seventh, allowed unsecured claims of governmental units only to the extent that such claims are for (C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity …

The legislative history of this section leaves no doubt that taxes which an employer is required to collect and withhold and turnover to the IRS under the Internal Revenue Code places liability on the responsible corporate officer. *S.Rep. No. 95–989, 95th Cong., 2d Sess. 71 (1978),* U.S.Code Cong. & Admin.News 1978, p. 5787.

■ The Debtors rely upon the following provision of the Bankruptcy Code:

§ 523    Exceptions to Discharge

(a) A discharge under Section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(7) To the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

(B) Imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition …

The applicability of § 523(a)(7) to the instant case depends on whether or not the Debtor's liability is characterized as a tax or a penalty. A literal reading of 26 U.S.C. § 6672, *supra,* would lead one to believe that the Debtor's liability is based upon a tax penalty. The U.S. Supreme Court, however, in *United States v. Sotelo,* 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978) has held differently. The Supreme Court in *Sotelo* held:

§ 6672 liability was not imposed for a failure on the part of respondent to collect taxes, but was rather imposed for his failure to pay over taxes that he was required both to collect and pay over.

. . . .

The funds here involved were unquestionably "taxes" at the time they were "collected or withheld from others." … It is this time period that § 17(a)(1)(e), with its modification of "taxes" by the phrase "collected or withheld," treats as the relevant one. That the funds due are referred to as a "penalty" when the government later seeks to recover them does not alter their essential character as taxes for purposes of the Bankruptcy Act, at least in a case in which, as here, the § 6672 liability is predicated on a failure to pay over, rather than a failure initially to collect the taxes.

*Sotelo,* 436 U.S. at 275, 98 S.Ct. at 1800; *see also In re: Dickey,* 10 B.R. 9 (Bankr.W. D.Tenn.1980). In the instant case, the Debtors' liability is based upon his failure to pay over federal withholding taxes to

the IRS. The Debtor's liability under 26 U.S.C. § 6672 is not one for a tax penalty, but rather is based upon the Debtor's position as a "responsible officer" to collect and to turn over to the IRS the withholding taxes incurred in connection with the operation of the business of Mobley Homes, Inc.

■ The Court must also consider whether Bankruptcy Code § 523(a)(7)(B) is applicable. Specifically, whether or not the debt is dischargeable as a tax because it arose more than three years prior to the date of the Debtors filing their petition. The U.S. Supreme Court in *Sotelo* stated: "With regard to the unpaid withholding taxes, however, the three-year limitation was made inapplicable by the addition of the provision that is today § 17(a)(1)(e)." *Sotelo*, 436 U.S. at 276, 98 S.Ct. at 1800. Section 17(a)(1)(e) of the Bankruptcy Act under which the U.S. Supreme Court decided *Sotelo* was the statutory predecessor of § 523 of the Bankruptcy Code and is essentially the same nondischargeable tax claim language. Therefore, this Court holds that Bankruptcy Code § 523(a)(7) is not applicable to the instant case.

■ This determination leads the Court to the IRS contention of nondischargeability under § 523(a)(1)(A) of the Bankruptcy Code. Debts for taxes of the kind specified in § 507(a)(2) and § 507(a)(7) of the Bankruptcy Code are nondischargeable. *See In re Dickey*, 10 B.R. 9 (Bankr.W.D.Tenn. 1980.) Section 507(a)(7)(C) lists taxes "required to be collected or withheld and for which the debtor is liable in whatever capacity." Moreover, the following comments from Collier are relevant:

This category of taxes excepted from discharge include taxes which the debtor is required by law to withhold or collect from others and for which he's liable in any capacity, regardless of the age of the tax returns ...

In addition, this category includes the liability of a responsible officer under the Internal Revenue Code (Sec. 6672) for income taxes or for the employees' share of social security taxes which that officer was responsible for withholding from the

wages of employees and paying to the Treasury, although he was not himself the employer ...

*Collier on Bankruptcy*, 523.06, at 523–25 (15th ed.1979) Thus it is clear that § 523(a)(1)(A) is directly applicable to the instant case. Therefore, the Court finds that the indebtedness in question is nondischargeable under § 523(a)(1)(A) of the Bankruptcy Code.

■ As noted earlier, this matter is presented for this Court's consideration by a Motion for Summary Judgment filed by the Plaintiff, and the Government did not file a cross Motion for Summary Judgment. Thus, the Court must consider whether or not it is proper to enter a summary judgment for a nonmoving party. Although there is some authority to the contrary, the great weight of authority is that it is not necessary to request a formal cross Motion for Summary Judgment and it is appropriate if it appears to the satisfaction of the Court that there are no genuine issues of material fact and the nonmoving party is entitled to a judgment as a matter of law, to grant the motion even though the other party did not seek a determination of the matter by way of Motion for Summary Judgment. *Pueblo of Santa Anna v. Mountain States Telephone and Telegraph Co.* 734 F.2d 1402 (10th Cir. 1984), *Rev'd on other grounds* 472 U.S. 237, 105 S.Ct. 2587, 86 L.Ed.2d 168 (1985); *Viger v. Commercial Insurance Co. of Newark, N.J.*, 707 F.2d 769 (3d Cir.1983). In the case of *Cool Fuel, Inc., v. Connett*, 685 F.2d 309 (9th 1982), the Court of Appeals for the Ninth Circuit considered facts substantially similar to the facts involved in the present controversy. In *Cool Fuel* the tax payer moved for summary judgment in an attempt to enjoin the Government from collecting an assessed deficiency. The District Court granted a summary Judgment for the Government, even though the Government did not file a Motion for Summary Judgment. On appeal the Court of Appeals upheld the District Court's order granting summary judgment concluding that since the tax payer was

granted full and fair opportunity to explore and expound all the issues involved in the case, it was appropriate to grant a summary judgment for the Government even though none was sought. See also *Keiser v. Dialist, Co., of Texas*, 603 F.Supp. 110 (W.D.Pa.1984), and Volume VI more Federal Practice Second Edition Paragraph 56.12 at Page 233 of 1985/1986 supplement.

Based on the foregoing, this Court is satisfied that there are no genuine issues of material fact and that the IRS is entitled to judgment as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Debtors be and the same is hereby denied and the § 6672 claim is a nondischargeable debt under § 523(a)(1)(A) of the Bankruptcy code. A separate final judgment will be entered in accordance with the foregoing.