In re Nino MADIA, Debtor.

Nino MADIA, Plaintiff,

v.

STATE OF NEW JERSEY, DIVISION OF TAXATION, New Jersey Employment Security Agency, I.R.S., Defendants.

Bankruptcy No. 85–05425.
Adv. No. 85–0084.

United States Bankruptcy Court,
D. New Jersey.

Nov. 6, 1986.

---

D. Gayle Loftis, Jersey City, N.J., for plaintiff-debtor.

David S. Grossman, U.S. Dept. of Justice, Washington, D.C., for I.R.S.

WILLIAM H. GINDIN, Bankruptcy Judge.

This matter arises from a suit by the plaintiff-debtor seeking a determination that the claimed debt to the Internal Revenue Service (IRS) is dischargeable. The debt arises from the assessment by the IRS of a 100% "penalty assessment" pursuant to the provisions of 26 U.S.C. § 6672(a) of the Internal Revenue Code of 1954. The IRS claims that the provisions of 11 U.S.C. § 523(a)(1)(A) specifically except the debt from discharge as a matter of law. The parties have brought cross motions for Summary Judgment pursuant to Fed.R. Civ.P. 56(b).

There is no dispute concerning the facts. The plaintiff-debtor was a corporate officer of a corporation known as Rock Furniture Company, Inc. Rock Furniture Company, Inc. was required to pay withholding taxes and failed to do so. On February 21, 1983 the IRS made a 100% penalty assessment against the plaintiff-debtor in his capacity as a responsible person in the corporation who was required by law to collect and pay over withholding taxes to the IRS.

The matter is clearly one in which Summary Judgment is appropriate. The law of Summary Judgment in the Third Circuit is set forth in *Goodman v. Mead Johnson & Company,* 534 F.2d 566 (3rd Cir.1976) *cert. den.* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977).

Rule 56 allows the Trial Court to grant Summary Judgment if it determines from its examination of the allegations in the pleadings and such other evidential source available that no genuine issue as to a material fact remains for trial, and that the moving party is entitled to judgment as a matter of law. The purpose of the rule is to eliminate a trial in cases where it is unnecessary and would only cause delay and expense.

534 F.2d at 573.

This rule is clearly the one to be followed by all United States Courts. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. ——, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The within matter involves no factual dispute and must therefore be determined on the cross motions for Summary Judgment in accordance with R. 56(b).

Prior to the enactment of the Bankruptcy Code (11 U.S.C. § 101 et seq. Effective October 1, 1979), the question of dischargeability of penalty assessments was governed by § 17(a)(1)(E) (11 U.S.C. § 35). That portion of the law excepted from discharge any tax "which the bankrupt has collected or withheld from others as required by the laws of the United States ... but has not paid over". The Supreme Court had determined that a penalty assessed pursuant to the provisions of § 6672 of the Internal Revenue Code (26 U.S.C. § 6672) was not dischargeable. *U.S. v. Sotelo,* 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978), reh. denied 438 U.S. 907, 57 L.Ed.2d 1150, 98 S.Ct. 3126. While there was a vigorous dissent filed in the case, the holding is beyond question and the plaintiff-debtor does not really contest this position as espoused by the IRS.

Plaintiff-debtor relies instead upon the fact that the code uses different language in dealing with exceptions. One must therefore carefully look at § 523 of the Bankruptcy Code (11 U.S.C. § 523). It provides:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(6)[7] of this title, whether or not such claim was filed or allowed ...

Reference back to 11 U.S.C. § 507 clearly refers to "a tax required to be collected or withheld and for which the debtor is liable in whatever capacity". 11 U.S.C. 507(a)(7)(c)[1]. Thus a careful reading of the statute indicates no substantive change from the provisions of the prior act.

Plaintiff-debtor argues that the Congress intended to change the law when it enacted the provisions of § 523. No such intention appears. An examination of the legislative history contained in the report of the Committee on the Judiciary, House of Representatives, to accompany H.R. 8200, H.R. Rep. No. 95–595, 95th Cong., 1st (Sess. 1977) and the Senate Report, Report of the Committee on the Judiciary, United States Senate to accompany S.2266, S.Rep. No. 95–989, 95th Cong., 2d (Sess.1978), U.S. Code Cong. & Admin.News 1978, p. 5787 are silent on the subject and no comments appear concerning this section in other aspects of legislative history. While it is interesting to note that the earlier versions of the Bills before both the Senate and the House went through a number of changes with respect to § 507, the final version was consistent with the prior law.[2]

Plaintiff-debtor instead relies upon a letter from the Assistant Secretary of the Treasury to the Chairman of the House Committee on the Judiciary apparently written in 1985 (although attributed to the 89th Congress). A statement contained in a letter from an Assistant Secretary of the Treasury to the Chairman of the House Judiciary Committee is not and cannot be considered part of the legislative history. It is binding on no one and represents a mere expression of opinion. It does not even appear to be an official interpretation of the law which might be given some special consideration.

Legislative history must be carefully and judiciously used in seeking interpretations of the law. Legislative intent must be dealt with cautiously and in the words of Justice (now Chief Justice) Rehnquist in *Garcia v. United States* 469 U.S. 70, 105 S.Ct. 479, 83 L.Ed.2d 472 (1984):

In surveying legislative history we have repeatedly stated that the authoritative source for finding the Legislator's intent lies in the Committee Reports on the bill ... we have eschewed reliance on the passing comments of one member ... and casual statements from floor debates.

469 U.S. at 75, 105 S.Ct. at 483, 83 L.Ed.2d at 478.

Furthermore, letters from an administrator urging the enactment of a bill are simply not controlling and in a discussion in *Garcia,* Justice Rehnquist points out that agencies need not be consistent and may in fact change their minds. 469 U.S. at 78, 105 S.Ct. at 484, 83 L.Ed.2d at 480.

The commentators are unanimous in their feelings that the provisions of IRC § 6672(a), when applied, create a nondischargeable debt. Bkr.L.Ed., Code Commentary and Analysis § 22:68 p. 205. *Collier* as well indicates that "income taxes which an employer is required to withhold from the pay of employees" as well as "the liability of a responsible officer under Internal Revenue Code (sec. 6672)" are nondischargeable. 3 Collier on Bankruptcy (15th edition, 1986). ¶ 523.06, pp. 523–25.

Where the Courts have been called upon to rule under the provisions of the Bankruptcy Code, they have been quick to declare similar debts nondischargeable. *In*

---

1. It is clear that the reference in § 523(a) is a typographical error which went uncorrected when changes were made pursuant to the provisions of the Bankruptcy Amendments and Federal Judgeship Act of 1984. The reference is clearly to 523(a)(7).

2. Cf, H.R. 8200, calendar no. 311 & S.2266, calendar no. 1026.

*re Coleman,* 19 B.R. 529 (Bkrtcy.Kan. 1982). There Bankruptcy Judge Pusateri stated "there is no legal theory under which the debtor can seek a ruling that the debt owed to the IRS is dischargeable". 19 B.R. at 521. In *In Re Beaman,* 9 B.R. 539 (Bkrtcy. Oregon 1980) the Court held that compensation payments falling into the same area were nondischargeable. In *Rosenow v. State of Ill. Dept. of Revenue,* 715 F.2d 277 (7th Cir.1983), the 7th Circuit specifically held that sales tax debts were nondischargeable. In his discussion of § 523(a)(1)(A) and § 507(a)(6)(C), Judge Cudahy specifically included trust fund taxes. It is clear from the statute that once the trust fund taxes are included the penalty must be included as well. § 523(a)(7).

In a recent case, *In Re Murrell,* 57 B.R. 449 (Bkrtcy, W.D. La., 1985) Bankruptcy Judge Smallenberger dealt with a case remarkably similar to the instant one. There he found that the trust fund portion of withholding taxes constitutes priority taxes within the meaning of §§ 507(a)(7)(C) and 523(a)(1). He specifically rejected the reasoning of the dissent by Justice Rehnquist in *U.S. v. Sotelo, supra.*

By any analysis the holding of the United States Supreme Court in *Sotelo,* is binding absent some true indication of a change in the law as a result of the enactment of the Code. All indications are that the prior law is still in effect and must still be enforced.

It is therefore the determination of this Court that the debt based upon the imposition of § 6672 of the Internal Revenue Code is nondischargeable.

The defendant shall submit an order in accordance with this determination.