Robert J. TASHJIAN, Plaintiff,

v.

INTERNAL REVENUE SERVICE,
Defendant.

CIV.A. No. 03–40162–FDS.

United States District Court,
D. Massachusetts.

March 14, 2005.

John J. Lorden, Harvard, MA, for Plaintiff.

Lydia Bottome Turanchik, Washington, DC, for Defendant.

### MEMORANDUM AND ORDER

SAYLOR, District Judge.

## I. Background

Plaintiff Robert J. Tashjian is a veterinarian. Tashjian apparently owned two

corporations: New England Institute of Comparative Medicine, Inc. ("NEICM") and Animal Hospital at Worldwide Plaza, Inc. ("AHWP"). Tashjian was also an officer of both corporations and personally responsible for the payment of withholding taxes to the Internal Revenue Service.

NEICM and AHWP did not pay withholding taxes for a number of periods, ending on March 3, 1991, and December 31, 1993, respectively. The record does not indicate why the taxes were not paid, but presumably Tashjian made a conscious choice to use the funds to pay the debts of struggling businesses rather than comply with his tax obligations. In any event, both companies are being or have been liquidated, and do not have assets from which the unpaid tax liabilities can be paid. The IRS therefore looked to Tashjian individually, as a responsible corporate officer, for payment of the taxes and any resulting interest and penalties.

It is undisputed that Tashjian was personally liable for the full amount of the unpaid withholding tax liabilities of NEICM and AHWP pursuant to 26 U.S.C. § 6672. That section provides that:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

Tashjian filed a petition for personal bankruptcy in 1992. At some unidentified point during Tashjian's bankruptcy proceeding, the Internal Revenue Service filed two proofs of claim in the amounts of $22,959.44 and $74.076.53. The record does not indicate what amounts were included in those proofs of claim, but they apparently represented Tashjian's personal liability for the unpaid payroll taxes of NEICM and AHWP, plus any relevant interest and penalties up to the date of the filing of the petition.

Approximately *ten years* after the filing of the bankruptcy petition, on September 11, 2002, the IRS sent a letter to the trustee in bankruptcy, Matthew Rockman. In the letter, the IRS agreed "to waive any interest that it may be entitled to under 11 U.S.C. § 726(a)(5) with respect to said claims" in exchange for full payment by the trustee of the two proofs of claim. There is nothing in the record to explain how an entire decade could have elapsed from the filing of the petition to the compromise of the claim, other than Tashjian's statement that "[n]umerous attempts were made with the IRS, myself and others to compromise these claims and finally settle the 1992 bankruptcy case."

In any event, a settlement was reached, and Tashjian subsequently secured funds and made them available to the trustee for payment to the IRS. There is no dispute that the IRS received full payment for both proofs of claim. Although the record does not so indicate, presumably the personal bankruptcy proceeding was concluded, and Tashjian's obligations were discharged to the extent permitted by law.

In the meantime, post-petition interest—that is, interest on the unpaid tax liabilities after the filing of Tashjian's petition in 1992—continued to accrue. Some time thereafter, the IRS attempted to collect the unpaid post-petition interest from Tashjian personally. The IRS took the position that Tashjian's obligation to pay post-petition interest had not been discharged, and that it had only waived its rights to obtain a distribution of interest from the bankruptcy estate, not its right to

enforce the obligation against Tashjian personally.

On July 25, 2003, Tashjian filed a complaint with this Court appealing a notice of determination pursuant to 26 U.S.C. §§ 6320 and/or 6330 concerning the unpaid post-petition interest.[1] From this posture, the Court infers that Tashjian sought an administrative hearing on the matter with the IRS Office of Appeals pursuant to either § 6320(a)(3)(b) or § 6330(a)(3)(b) and did not receive the result he desired. In his complaint, Tashjian contends that the payment of the two proofs of claim in the bankruptcy proceeding constituted full and final disposition of his liability to the IRS. The entire basis of Tashjian's claim appears to be the September 11, 2002 letter to the bankruptcy trustee from the IRS.

After filing an answer denying liability, the IRS filed the present motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. *Standard of Review*

A court may not dismiss a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) "unless it appears, beyond doubt, that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint, and matters of which judicial notice can be taken. *Nollet v. Justices of the Trial Court of Mass.*, 83 F.Supp.2d 204, 208 (D.Mass.2000) *aff'd,* 248 F.3d 1127 (1st Cir.2000). Further-

more, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiffs favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir.2000).

## III. *Analysis*

■ Generally, when the Bankruptcy Court grants a discharge, the debtor is relieved of his obligation to pay debts that arose prior to the date of discharge. *See* 11 U.S.C. § 727. Some debts, however, are not dischargeable in bankruptcy. *See* 11 U.S.C. § 523.

■ Among the obligations that are not dischargeable are "responsible officer" liabilities for unpaid withholding taxes. 11 U.S.C. § 523(a)(1); *see, e.g., In re Gust,* 197 F.3d 1112 (11th Cir.1999); *In re Madia,* 68 B.R. 11 (Bkrtcy.D.N.J.1986); *In re Terrell,* 75 B.R. 291 (N.D.Ala.1987); *see also United States v. Sotelo,* 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978) (reaching same result under Bankruptcy Act of 1954). Any post-petition interest that has accrued on such unpaid taxes is also nondischargeable. *See In re Cousins,* 209 F.3d 38, 40–41 (1st Cir.2000); *see also Bruning v. United States,* 376 U.S. 358, 363, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964) (interpreting predecessor bankruptcy statute).

■ Ordinarily, interest that accrues after the filing of a bankruptcy petition cannot be collected from the bankruptcy estate. *See* 11 U.S.C. § 502(b)(2) (a claim of "unmatured interest" not generally allowed against bankruptcy estate). As the court in *Hanna v. United States,* 872 F.2d 829, 830 (8th Cir.1989) explained, § 502(b)(2) is "a rule of administrative con-

---

**1.** The IRS, in its motion to dismiss, contends that the judicial review is properly sought

pursuant to § 6330(d)(1).

venience and fairness to all creditors." The rule is intended to allow claims to be promptly paid without first having the burden of determining whether any unmatured interest exists. It also serves a fairness function by allowing all creditors' underlying claims to be paid before any post-petition or other unmatured interest is paid. *Id.* If unmatured interest were paid before all of the underlying claims were satisfied, some creditors could receive both the debt owed to them and the post-petition interest which accrued on that debt, while others collected nothing.

■ There are, nonetheless, at least two circumstances under which post-petition interest can be collected from the bankruptcy estate. First, 11 U.S.C. § 506(b) permits the distribution of interest from the bankruptcy estate on a claim where the creditor is oversecured, or where the value of the security is sufficient to satisfy both the claim and the interest. Second, 11 U.S.C. § 726(a)(5) permits the distribution of interest on unsecured claims from the bankruptcy estate in liquidation cases when the debtor is actually solvent. This dispute involves the latter statute.

■ Section 726(a) is the section generally governing distribution of the assets of a bankruptcy estate in a liquidation case. It sets forth the order in which assets (which, at that point, presumably have been reduced to cash) are to be distributed to different classes of claimants, beginning with priority claimants and ending with the debtor. Paragraph (a)(5) sets forth the next-to-lowest priority, which is superior only to distributions to the debtor: the payment of post-petition interest on pre-petition claims. In other words, post-petition interest is available *only* if all other claims have been paid, *and* there is a surplus available that would otherwise go to the debtor. Presumably, it is a very rare liquidation case where such surplus

funds are available to pay post-petition interest.

■ In the September 11, 2002 letter, the IRS agreed to forgo collecting interest under § 726(a)(5) in exchange for payment in full of the two claims filed by the IRS against the estate. Tashjian contends that, by waiving its rights to collect post-petition interest under § 726(a)(5), the IRS waived its rights to collect post-petition interest under any circumstances. In other words, Tashjian contends, the waiver under § 726(a)(5) constituted a discharge of the liability altogether.

That contention is plainly incorrect. In its September 11 letter, the IRS only agreed to waive interest to which it may have been entitled under § 726(a)(5). By agreeing to forgo its right to collect interest under § 726(a)(5), the IRS did not agree to forgo, by implication or otherwise, its right to collect the interest from Tashjian personally. Tashjian has not provided any evidence, other than the letter itself, to demonstrate that the IRS agreed to waive its claims against Tashjian personally for this unpaid, nondischargeable debt.

■ Tashjian's claim of waiver might also be read to present a claim of equitable estoppel. The Supreme Court has indicated that it may be possible under some circumstances to apply the doctrine of equitable estoppel against the government. *See Heckler v. Community Health Services,* 467 U.S. 51, 60, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984). However, to succeed on such a claim, Tashjian would need to demonstrate "affirmative misconduct" by the IRS, not merely omission or negligent failure to inform him of his continuing liability for post-petition interest. *See Akbarin v. I.N.S.,* 669 F.2d 839, 842 (1st Cir.1982). The September 11 letter does not demonstrate affirmative misconduct, because it clearly states what the IRS was

giving up in exchange for full payment. Tashjian has not alleged any other purported affirmative misconduct, nor detrimental reliance, which is a additional element of an equitable estoppel claim.

 Furthermore, the fact that Tashjian apparently did not understand the meaning of the September 11 letter does not compel a different conclusion. Tashjian cannot be relieved of liability because he did not realize the post-petition interest was a nondischargeable debt that would survive the bankruptcy proceedings. The IRS had no affirmative duty to inform Tashjian that he would remain personally liable for the post-petition interest on the payroll taxes. *See United States v. River Coal Co.*, 748 F.2d 1103, 1108 (6th Cir. 1984); *In re Becker's Motor Transportation, Inc.*, 632 F.2d 242, 249 (3d Cir.1980); *In re Jaylaw Drug, Inc.*, 621 F.2d 524 (2d Cir.1980).

It is certainly true that the distinction between the waiver of the right to collect interest under § 726(a)(5) and the waiver of the right to collect interest generally would not be apparent to an ordinary debtor (or indeed an ordinary lawyer). Nor did the September 11 letter from the IRS make clear that the IRS was *not* waiving its right to post-petition interest. It is perhaps inevitable that the participants in a highly specialized and complex endeavor, such as the handling of proceedings in bankruptcy court, will communicate with one another in shorthand and jargon that is not always fully comprehensible to outsiders. Certainly it would be preferable if the process were more transparent and comprehensible to all concerned. Nonetheless, the duty of ensuring that the debtor understands what is going on in bankruptcy proceedings necessarily falls principally on the shoulders of debtor's counsel, who was professionally obliged to keep his client fully informed as to all material aspects of the proceeding. That duty cannot, at least under these circumstances, be shifted to the IRS.

It is, of course, regrettable that Tashjian believed that his debts to the IRS were paid in full. Unfortunately, the law is clear that his liability for post-petition interest was *not* extinguished when the IRS waived its rights under § 726(a)(5) and the two proofs of claim were paid. Because the IRS did not waive its right to collect the post-petition interest in all respects, it cannot be prohibited from collecting that interest from Tashjian, notwithstanding his mistaken assumption to the contrary.

It is likewise regrettable, and somewhat astonishing, that the issue took approximately ten years to be resolved, during which period interest continued to accrue. There is nothing, however, in the record before the Court to account for or explain the delay, and the Court therefore cannot begin to apportion blame, if any, among the various parties involved, much less consider any possible relief.

In summary, despite the fact that the IRS agreed to waive the right to collect post-petition interest from the bankruptcy estate, it did not agree to waive its right to collect that interest from Tashjian personally. Tashjian has proffered no set of facts which, if proven, would support a conclusion of waiver or equitable estoppel. Accordingly, the complaint fails to state a claim upon which relief can be granted. The complaint is hereby DISMISSED.

**So Ordered.**